CASE 67—INDICTMENT—FEBRUARY 19.

## Watts v. The Commonwealth.

APPEAL FROM MADISON CIRCUIT COURT.

1. A license to sell spirituous liquors by retail for twelve months to a citizen of Richmond protects the party receiving it, although a majority of the voters in Richmond district, on the day after the license was granted, voted against such sales under the act known as the "Local Option Act."

2. The knowledge of the party that on the day after he received his license a vote was to be taken in the town of Richmond under the "option act" cannot affect it.

3. An act of the legislature held not to operate retrospectively unless it be clearly shown to be the legislative intent.

C. F. & N. R. BURNAM FOR APPELLANT.

1. Appellant's license was obtained before the vote was had, and, therefore, cannot be affected by any vote under the "option act." (Miller v. Rucker, 1 Bush, 137.)

2. The act cannot operate retrospectively. (Cooley's Con. Lim., 370.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

The license gave no protection after a majority had decided against sell-
ing liquors.   (Anderson, &c., v. Commonwealth.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellant obtained from the county court of Madi-
son county, on the fourth of November, 1878, a merchant's.
license to retail liquors at his store, in the town of Rich-
mond.   On the next day, being the day of a general elec-
tion for members of Congress, the voters in the town voted,
under an order of the county court, made pursuant to the
act of Assembly known as the local option law, upon the
proposition whether or not spirituous, vinous, or malt liquors
should be sold in said town.   A majority of the votes cast
were against such sale.   The appellant continued to sell
under his license, and the principal question is, whether the·
license protected him in so doing.

His counsel insist that the proceedings and vote in the
matter of local option were not regular, and they have
pointed out various objections thereto which we are asked
to consider; but we deem it unnecessary to do so, as the·
judgment must be reversed on another ground which dis-
poses of the whole case.

The sixth section of the act provides that after a certificate·
of the vote, as provided for in section five, has been entered·
on the order-book of the county court, it shall be unlawful
for any person to sell any spirituous, vinous, or malt liquors.
in the district, town, or city to which the certificate and
vote relate.

This language is broad enough to include sales made by·
persons theretofore licensed.

But we incline to the opinion that such was not the inten-·
tion of the legislature.

It is true that the local option law existed when the appel-
lant procured his license, and that he must be taken to have
known that the people might vote at any general election,
and thereby make the selling of liquor in Richmond unlaw-
ful, and the record shows that he in fact knew that the people
were to vote on that question on the next day.

But this knowledge on his part cannot change the law of
the case.

Until a vote was taken, the county court had an unques-
tioned right to grant a license to merchants to sell, and the
question is, whether the legislature intended that licenses so
granted should cease to protect the licensee if the people
should afterward, within the period covered by the license,
vote against the sale of liquors. If the statute is to have
that effect, it is certainly in the nature of a retrospective
statute. It will operate to deprive the licensee of a privilege
he had obtained and paid for before the vote was had, and
at a time when the court had undoubted power to grant a
license which would authorize him to sell for one year from
the date of the license.

It is a sound rule of construction that a statute shall have
a prospective operation only, unless its terms show clearly a
legislative intention that it shall operate retrospectively.
(Cooley's Constitutional Limitations, 370.)

In Railroad Co. v. Judge, &c. (10 Bush, 574), this court
said that "no statute, however positive it may be in terms,
will be construed as designed to interfere with existing con-
tracts, unless such intention is expressly declared; and courts
will apply new statutes only to future cases, unless there is
something in the nature of the case, or in the language used,
which clearly shows that they were intended to operate
retroactively."

No contract is involved in this case, nor is the local option law a statute enacted since the appellant procured his license; but the law has, by the vote of the people, been put into operation in Richmond since that time, and, by this subsequent action of the local public, the appellant has been deprived, if deprived at all, of a privilege granted and paid for before that action was taken.

All the reasons which go to sustain the rule that an act of the legislature will not be held to operate retrospectively unless the legislative intention that it shall have such operation be clearly shown, apply with equal force to the case in hand, and we are therefore of the opinion that the appellant's license affords him full protection during the time for which it was granted.

Wherefore, the judgment is reversed, and the cause remanded for further proper proceedings.