CASE 56.—ACTION BY A. J. SHEEHAN, A LICENSED VENDOR
OF WHISKY AGAINST THE LOUISVILLE & N. R.
R. CO. TO COMPEL IT TO CONVEY INTOXICATING
LIQUORS INTO LOCAL OPTION TERRITORY.—
April 26.

# Shehan v. Louisville & N. R. R. Co.

Appeal from Kenton Circuit Court.

W. McD SHAW, Circuit Judge.

Judgment    for    defendant.    Plaintiff    appeals.
Reversed.

1.  Statutes—Construction—Words used in a statute which have
    been judicially construed are used in the light of the con-
    struction which has been placed upon them.
2.  Intoxicating Liquors—Statutes—In view of the judicial con-
    struction placed upon a prior similar statute, Act March 21,
    1906 (Acts 1906, p. 320, c. 63), section 1, making it unlawful
    for any person or corporation to bring into any county, etc.,
    where the sale of intoxicating liquors has been prohibited,
    or may be prohibited, any, intoxicating liquors, etc., does
    not apply to liquor destined for one whose license to sell
    liquors has not expired.

M. H. McLEAN, Atty. for appellant.

Appellant contends that having an unexpired license to sell
whisky at the time of the taking of the vote in the city of Fal-
mouth, he had a right to bring whisky therein for sale until the
expiration of his license that had been previously granted, and
the railroad being a common carrier can be compelled by a
mandatory injunction to convey such liquors to him for sale
so long as his license remains in force.

T. B. HARRISON, JR., for appellee.

POINTS AND CITATIONS.

1. A common carrier is prohibited by law, under heavy penalty, from delivering liquor to consignees in any city, town, or district in Kentucky where such sale has been prohibited by law. (Acts, 1906, page 321).

2. The Act of March 21, 1906, prohibiting the common carrier from delivering liquor to consignees in any city, town, county, or district where the same is prohibited by law, is constitutional and valid. (Commonwealth v. Hardy, 30 Ky. Law Rep., 532).

3. The adoption of prohibition under the local option law will revoke and annul any existing or unexpired license or privilege for the sale of liquor, so that the license or permission granted before the adoption of the law will be no protection to one who makes a sale after it, unless the law contains an expressed saving of vested rights that embrace previously acquired rights to sell by virtue of a license already taken out and paid for. (23 Cyc. of Law and Practice, 92).

OPINION OF THE COURT BY JUDGE HOBSON—
Reversing.

A. J. Sheehan is engaged in the business of selling by retail spirituous, vinous, and malt liquors in the town of Falmouth, in Pendleton county, under a license heretofore granted him by the State and municipal authorities. His license expires on May 1, 1907. In December, 1906, a vote was taken in Pendleton county upon the question as to whether or not the sale of spirituous, vinous, and malt liquors should be prohibited therein, resulting against the sale. After this, on February 2, 1907, Sheehan purchased of the John Brenner Brewing Company four half barrels of beer, and on that day presented the beer to the agent of the railway company at Covington, Ky., for transportation to him at Falmouth, tendering to him the amount of the freight charges therefor. The railroad company refused to transport the beer to him at Falmouth, and he brought this action to

obtain a mandatory injunction against it compelling
it to do so.   The defendant demurred to the petition,
its demurrer was sustained, and the plaintiff appeals.

The only question presented by the record is
whether the carrier may carry spirituous, vinous, or
malt liquors into Pendleton county after a vote has
been taken resulting against the sale.   Section 1 of
the act of March 21, 1906 (Acts 1906, p. 320, c. 63), is
as follows:  ''It shall be unlawful for any person
or persons, individual or corporation, public or
private carrier, to bring into, transfer to other person
or persons, corporations, carrier or agent, deliver or
distribute, in any county, district, precinct, town or
city, where the sale of intoxicating liquors has been
prohibited, or may be prohibited, whether by special
act of the General Assembly, or by vote of the people
under the local option law, any spirituous, vinous,
malt, or other intoxicating liquor, regardless of the
name by which it may be called; and this act shall
apply to all packages of such intoxicating liquors
whether broken or unbroken.''   In Watts v. Common-
wealth, 78 Ky. 329, it was held that a license to sell
spirituous liquors by retail protects the person re-
ceiving it, although by a vote of the locality the local
option law is put in force before the license expires,
and that the person holding the license may continue
to sell until his license expires.   In that case the court
said:  ''It is true that the local option law existed
when the appellant procured his license, and that he
must be taken to have known that the people might
vote at any general election, and thereby make the
selling of liquor in Richmond unlawful, and the record
shows that he in fact knew that the people were to
vote on that question on the next day.   But this
knowledge on his part cannot change the law of the

case.  Until a vote was taken, the county court had
an unquestioned right to grant a license to merchants
to sell, and the question is whether the Legislature
intended that licenses so granted should cease to pro-
tect the licensee if the people should afterward within
the period covered by the license, vote against the
sale of liquors.  If the statute is to have that effect,
it is certainly in the nature of a retrospective statute.
It will operate to deprive the licensee of a privilege
he had obtained and paid for before the vote was
had, and at a time when the court had undoubted
power to grant a license which would authorize him
to sell for one year from the date of the license.  It
is a sound rule of construction that a statute shall
have a prospective operation only, unless its terms
show clearly a legislative intention that it shall
operate retrospectively.''

That opinion was acquiesced in by the bench and
the bar, and by the Legislature.  The statute then in
force remained unchanged until the present act was
passed after the adoption of the new Constitution, and
the act which was then adopted is in this respect in the
same language as the former act.  It is a sound rule
that words used in a statute which have been judicially
construed are used in the light of the construction
which has been placed upon them.  The rule in other
states is held otherwise (3 Cyc. 92), and we do not
doubt that the Legislature might have changed the
rule if it had seen fit to do so; but strong reasons
of public policy require that, after the judicial con-
sctruction of the act has been acted upon for so many
years, it should not be overruled by the court, when
to do so would make acts criminal which have been
done in good faith upon the judicial construction
which the statute had received.  The provision of the

Constitution itself requiring the Legislature to provide a means for taking the sense of the people locally on the question of the sale of spirituous, vinous, and malt liquors has no effect on the question. The constitutional convention did not enact any regulation on the subject. It left the Legislature to do this. To illustrate: The Legislature may provide when a vote may be retaken after a community has once voted, and it may provide when the vote shall take effect after it has been taken. There is nothing in the Constitution to restrict the power of the Legislature in these matters, and under our Constitution the Legislature has all the power not denied it by the Constitution expressly or by fair inference. Under this power to regulate the subject the Legislature has provided that spirituous, vinous, and malt liquors may be sold in local option districts by the wholesale under certain conditions. We therefore conclude that Sheehan's license protects him in selling until his license expires, and as to him the local option law will not take effect until the expiration of his license.

The first section of the act of 1906 above quoted makes it unlawful for a carrier to carry spirituous, vinous, malt, or other intoxicating liquors, and deliver them in any locality "where the sale of intoxicating liquors has been prohibited, or may be prohibited." The sale of spirituous, vinous, or malt liquors is not prohibited in Falmouth by Sheehan until his license expires, and therefore the act does not apply to shipments by the carrier to him before the expiration of his license. The license is the authority of the State to carry on the business, and it would be nugatory if he could not get the goods to sell. The act is not designed to prohibit the carrier delivering the liquor

in a local option district to a person who is not prohibited from selling it.

Judgment reversed, and cause remanded for a judgment as herein indicated.