CASE 2.—PROSECUTION AGAINST JOHN WEISENBURG AND OTHERS FOR VIOLATING THE LOCAL OPTION LAW.—May 30.

## Comonwealth v. Weisenburg, Etc.

Appeal from Breckenridge Circuit Court.

WEED S. CHELF, Circuit Judge.

From a judgment dismissing the prosecution the commonwealth appeals—Reversed.

1.—Intoxicating Liquors—Local Option—Submission to Popular Vote—Contest—Appeal—Supersedeas—Operation and Effect. —An election under the local option law was held in a city in which the sale of intoxicating liquors had previously been prohibited. The election resulted in favor of the sale of liquor. A contest of the election was dismissed by the contest board and an appeal taken to the circuit court, which declared the election void. After the contest board had dismissed the contest, and before the appeal was prosecuted to the circuit court, the city issued a license to retail liquors. The judgment of the circuit court declaring the election void was superseded, and an appeal taken to the Court of Appeals. Held, that the supersedeas which suspended the efficacy of the judgment left affairs in the same condition they were just before the judgment was rendered, and the privilege of the licensees to conduct their business under the license was not interfered with duri ·g the life of the license or until the appeal was disposed of.'

2. Same—Local Option—Election—Statutory Provisions.—Ky. Stats., 1903, section 2556, provides that after a local option election the canvassing board shall certify the result to the clerk of · the county court, the judge shall have it spread on the order book of his court, and it shall be prima facie evidence in any proceeding under the act. Section 2557 provides that after the entry of t·· certif·cate, if the vote was against the sale, etc., of liquors, ıt shall be unlawful to sell the same.· Section 2566 provides that, when notice of a con-

Commonwealth v. Weisenburg, etc.

test of the election shall be executed on the county judge, the certificate shall not be record . Held, that where an election was had in a territory in whic the sale of intoxicating liquors had previously been prohibited, resulting in favor of the sale, but a contest was had, and the certificate was not recorded, the city authorities had no authority to issue a license to sell intoxicating liquors, since, the election having changed the status of the territory, it was necessary that the certificat be recorded in order that the election might become effective.

J. R. LAYMAN, Commonwealth's Attorney for appellant.

N. B. HAYS, Attorney General, and C. H. MORRIS, of counsel.

We think this court should reverse the lower court for the following reasons:

1. There should have been a judgment of "guilty" or "not guilty." The appellees were either guilty or innocent, and the subsequent action of the Court of Appeals can not and will not affect their past acts so as to make that which is not now a violation of law punishable by a fine. We do not think a judgment holding that a prosecution is "premature" when it is for an act previously committed can with reason be sustained.

2. There having been no special registration as required by section 1495, Ky. Stats., and chapter 6, page 21, Acts 1904, the election was invalid and of no effect. This court said in the case of Earley v. Raines, 89 S. W. 289, that the requirement of section 1495, Ky. Stats., applies in every "special election held in cities and towns in this Commonwealth whether such city or town, or any part thereof, is voting alone or in connection with other.

3. We very earnestly insist that the sale herein complained of was also in violation of law and without right because the certificate of the result of the election had not been and is not now spread on the order book of the county court of Breckenridge county. The only certificate on the order book being the one showing the local option law to be in force in the magisterial district, which fact the agreed statement shows.

## CITATIONS.

L. & N. R. R. Co. v. Com'lth, 66 S. W., 505; Ford v. Moss, 98 S. W., 1015; Ball v. Com'lth, 98 S. W., 326; Shindler, county judge v. Floyd, 81 S. W., 668; Edwin v. Benton, 87 S. W., 291;

Cole v. Com'lth, 98 S. W., 1002; Com'lth v. Hoke, 14 Bush, 668; Young v. Com'lth, 14 Bush, 161.

MURRAY & MURRAY, for appellees.

STATEMENT OF APPELLEES CONTENTIONS IN THIS CASE.

1. The appellees are licensed dealers in spirituous, etc., liquors, and have been since the 10th day of July, 1906.

2. That the judgment of the circuit court sustaining the jurisdiction of the contest board was suspended by the appeal of O. De Haven, etc.; that said decision is not now in force, and was not after the execution of the said supersedeas bond by the contestees O. De Haven, etc.

3. No prosecution for the violation of the local option law will lie against the appellees until at least after the final decision of this court on said contest. We can not conceive that the contestants and contestees, by an agreement among themselves can bind the appellees until that agreement becomes the judgment of the court. It does not become res adjudicata until the court adjudges the matter.

AUTHORITIES CITED.

Ky. Stats., sections 2556, 2557, 2561, 4197; also section 10, article 5, chapter 92, Gen. Stats.; Adams v. Stephens, 38 Ky., page 443; Runyan v. Bennett, 4th Dana, page 598; Locke v. Com'lth, 113, Ky., page 164.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In February, 1907, the commonwealth's attorney for the ninth judicial district filed information under section 1141 of the Kentucky Statutes of 1903 against appellees, charging them with a violation of the local option law, alleged to be in force in Cloverport magisterial district of Breckinridge county. The prosecutions being heard upon an agreed state of facts, judgment was rendered dismissing it upon the ground that it was prematurely instituted. The agreed facts are as follows: Previous to May, 1906, the sale of in-

toxicating liquors was prohibited in Cloverport mag-
isterial district, composed of election precincts Nos.
1, 2, and 3.   An election under the local option law
was ordered to be held in these precincts on the 5th
day of May, 1906.   The certificate of the board that
canvassed the returns of election showed that a major-
ity of the voters in precincts Nos. 1 and 2 voted in
favor of the sale of liquors, whilst in precinct No. 3
a majority opposed it.   The certificate of the board of
election commissioners stating the result in precincts
Nos. 1 and 2 was not spread on the records of the
Breckenridge county court, because notice of contest
was given.   On the 17th day of May, 1906, notice of
contest in precincts 1 and 2 was presented to the
county judge and the two justices of the peace resid-
ing nearest to the courthouse, asking that the election
be declared invalid for the reasons stated in the
notice.   The contest coming on for trial on June 26th,
the contest board held that they had no jurisdiction,
and dismissed the contest.   On August 10th an appeal
was taken from the decision of the contest board to
the circuit court.   The circuit court in January, 1907,
entered a judgment holding that the election in pre-
cinct No. 1 was void.   After the contest board decided
that it had no jurisdiction of the contest, and before
the appeal was prosecuted to the circuit court, the
city authorities of Cloverport issued to appellees a
license to retail liquors from the 10th day of July,
1906, for the period of one year and on that day ap-
pellees paid to the clerk of the county court of Breck-
inridge county the State tax.   On January 3, 1907, the
contestees in the contested election case superseded
the judgment of the circuit court declaring the elec-
tion void, and prosecuted an appeal to this court.   The

judgment of the lower court on that appeal has been affirmed.

The only question to be decided is, did the license issued by the proper authorities to appellees protect them? It is contended for appellant that the decision of the circuit court holding the election void subjected appellees thereafter to the penalty denounced by law for selling liquor in local option precincts, although the judgment was superseded pending an appeal to this court, and, further, that without reference to the judgment of the circuit court the right to sell liquor in these precincts, although a majority of the voters favored the sale, did not become effective, because the certificate of the result of the election was not spread on the order book of the county court. Appellees insist that when the license was issued the authorities had the right to grant it, as there was at that time no law in force in the territory prohibiting the issual of licenses, nor was any proceeding pending to contest the election under which the right to grant license was authorized, and that the appeal and supersedeas suspended the judgment of the circuit court declaring the election void. If the authorities had the legal right to issue license, the judgment of the circuit court annulling the election would not, pending the appeal, affect the rights of licensees. The license was issued for the period of one year, but the right to operate under it was subject to be taken away at any time by final adjudication that the election was void. If the election during the life of the license had been set aside by the judgment of this court, or the judgment of an inferior tribunal or court from which no appeal was prosecuted, the decision would relate back to and restore the status that existed immediately preceding the elec-

tion; and in such event the local option law in force prior to May, 1906, would have continued in operation, and therefore the sale of liquor would have been illegal, notwithstanding the license. But the law allows all appealable orders to be superseded and suspended pending an appeal; and when the judgment of the circuit court declaring the election void was appealed from, and its operation and effect suspended by the execution of a supersedeas bond and the issual of an order of supersedeas, the effect was to leave affairs in the same condition they were just before the judgment was entered. Speaking of the effect of a supersedeas, this court in Runyon v. Bennett, 4 Dana, 598, 29 Am. Dec. 431, said: ''A supersedeas suspends the efficacy of a judgment, but does not, like a reversal, annul the judgment itself. Its objects and effect are to stay future proceedings, not to undo what is already done. A consequence of this is that whatever is done under the judgment, after and while it is superseded, being done without authority from the judgment, which is then powerless, and against the authority and mandate of the supersedeas, should be set aside as improperly and irregularly done.'' To the same effect are Webber v. Tanner, 64 S. W. 741, 23 Ky. Law Rep. 1107, and Hey v. Hardin, 78 S. W. 136, 25 Ky. Law Rep. 1454. Therefore the judgment of the circuit court, which was rendered inoperative for the time being by an appeal and supersedeas, preserved the status existing before the judgment was rendered, and did not annul or interfere with the privilege of appellees to conduct their business under the license, if it gave them such right; and this continued during the life of the license, or until the appeal was disposed of by this court, and its judgment had become final.

A more serious question is presented in the argu-

ment that it was necessary to spread upon the order book of the county court the certificate showing the result of the election before it became effective in the territory in which the vote was taken, and that when an election is contested it forbids entering the order on the records of the county court until the contest is disposed of. Section 2556 of the Kentucky Statutes of 1903 provides that: "If it shall be found that a majority of the legal votes cast at any election herein provided for were given for or against the sale, barter or loan of spirituous, vinous or malt liquors, * * * it shall be the duty of the canvassing board to certify that fact, which certificate shall be delivered to the clerk of the county court and by him safely kept until the next regular term of the county court, at which term the judge thereof shall have the same spread on the order book of his court, and said entry of the certificate in the order book, or a certified copy thereof, shall be prima facie evidence in any or all proceedings under this act." Section 2557 says that: "After the entry of the certificate of the canvassing board as above provided for in the order book of the county court, if the vote was given against the sale, barter or loan of spirituous, vinous or malt liquors, it shall be unlawful to sell, barter or loan the same." Section 2566, fixing the manner in which local option elections may be contested, provides that: "When a notice of the contest shall be executed on the county judge, the certificate shall not be recorded." The original local option law was an act of 1874, which remained in force without material change until 1894. Under it, it was not necessary to record the certificate of the result of the election on the order book of the county court, if a majority of the votes were cast in favor of the sale of liquor. The present law provides that the

certificate shall be recorded, whether the majority is for or against the sale. If a vote is taken in a territory in which the sale of liquor is permitted, and the election results in a majority favoring the sale, we do not conceive that it would be indispensable to put the law into effect that the certificates should be recorded, because the status would not be changed by the election, but remain and continue as it had previous thereto. But when the election works a change in previous conditions, as where local option carries in a territory in which it had not previously been in force, or where there is a majority in favor of the sale of liquor in a territory in which the sale had been prohibited, then it is necessary that the certificate shall be recorded, and until the certificate is spread on the order book no prosecution for a violation of the local option law could be maintained, nor would it be permissible to issue license. In the case before us, the sale of liquor previous to the election in May, 1906, was prohibited. At the election, a majority being in favor of the sale, the status was changed, and therefore it was necessary that the certificate should be recorded in order that the election might become effective and authorize the proper authorities to grant license. When the license was issued to appellees, the only certificate on record was that certifying that the sale of liquor was prohibited. Until the certificate of the later election annulling the former one was spread on the order book, the certificate prohibiting the sale denied to any person the right to sell liquor in the territory; and, where the sale of liquor in a territory is prohibited, the issual of license authorizing the sale will be no protection to the person who receives it, as the authorities are without power to grant the license. That it was the legislative inten-

tion that the condition in any given territory should not be changed by an election until the certificate was spread on the order book is, we think, made manifest by the provision that, ''when a notice of contest shall be executed on the county judge, the certificate shall not be recorded.'' The purpose of this section was to preserve existing conditions until the contest was disposed of, and to prevent the sale of liquor in a territory in which before the election it had been prohibited until the result was finally determined in the contest proceedings. If it was not intended that recording the notice should be necessary to authorize the sale in cases where a majority voted in favor of the sale in territory in which the sale was prohibited, there would be no reason for denying to the county judge the right to record it pending the contest.

We therefore conclude that when an election is held in territory in which the sale of liquor is prohibited, and a majority of the votes are in favor of its sale, the result does not become effective until the certificate of election is recorded, and that, if the election is contested by persons opposing the sale in the manner provided in section 2566, the certificate cannot be recorded until the contest is disposed of. nor can any person sell within the territory until this is done. It results, from these views, that the judgment of the lower court must be reversed; and it is so ordered.