## May v. Commonwealth.

(Decided November 10, 1914.)

### Appeal from Muhlenberg Circuit Court.

1. Bonds—Supersedeas Bond—Effect of.—A supersedeas bond with order suspends the efficacy of a judgment, but does not annul the judgment. It merely stays proceedings on it, not undoing what has already been done.

2. Intoxicating Liquors—Licenses—Authority of City Council to Grant Pending Appeal.—Under the law as it existed prior to 1914, a city council, pending an appeal from a judgment upholding the validity of an election prohibiting the sale of liquor that was suspended by a supersedeas bond, had the right to issue a license to sell liquor, and this license protected the licensee during the life of the license, although the judgment of the circuit court was affirmed on appeal before the license expired.

3. Intoxicating Liquors—Power of Legislature to Enact Legislation Limiting the Life of Licenses.—The Legislature has the power to enact legislation providing that licenses to sell liquor, although rightfully issued, shall expire immediately, or at any specified time after an election under the local option law at which the majority of the votes were cast against the sale of liquor.

W. H. YOST, HUBERT MEREDITH and DOYLE WILLIS for appellant.

JAMES GARNETT, Attorney General; W. H. GRAY, CAM HOWARD and S. L. PANNELL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

It appears from an agreed statement of facts in this case than on September 28, 1912, a local option election was held in Muhlenberg County, at which election a majority of the votes cast were against the sale of liquor; that this election was contested before the election commissioners, who held the election valid, and on appeal to the circuit court, that court, on August 15, 1913, af-

firmed the decision of the contest board; that on August 15, 1913, the contestants executed a supersedeas bond, on which supersedeas issued, and appealed the case to this court; that in February, 1914, this court affirmed the judgment of the circuit court holding the election valid, and on April 25, 1914, the mandate was issued, following which, on April 27th, the certificate of the canvassing board certifying the result of the election was spread on the order book of the Muhlenberg County Court.

It further appears from this agreed statement that on September 3, 1912, a license was issued to the appellant, May, by the city council of Central City, in Muhlenberg County, granting him authority to sell liquor by retail for one year; and that on September 3, 1913, another license was issued to him by the council granting him authority to sell for the year ending September 3, 1914.

It is further agreed that the appellant, in June, 1914, sold the liquor for which he was prosecuted and fined in this case.

On this appeal it is contended for the appellant that the license issued to him in September, 1913, gave him the right to sell liquor until September, 1914, notwithstanding the fact that in April, 1914, the validity of the election was upheld by this court and the county court put on the order book the certificate of the canvassing board. Of course if this position is sound, the judgment was erroneous and must be reversed.

On behalf of the appellee the argument is made that the city council of Central City had no authority to issue to the appellant a license in September, 1913, or if it did, the license only protected him for the period pending the appeal and until the mandate was issued and the certificate put on record.

At the time the city council issued the license of 1913, the judgment of the circuit court sustaining the validity of the election had been appealed from by those contesting the election, and an appeal bond executed and a supersedeas issued thereon. The effect of this supersedeas was to preserve the status existing at the time the judgment appealed from was rendered. Or, as said in Runyon v. Bennett, 4 Dana, 598: "A supersedeas suspends the efficacy of a judgment, but does not, like a reversal, annul the judgment itself. Its object and effect are to stay future proceedings, and not to undo what is already done. It has no retroactive operation, so as to deprive the judgment of its force and authority

from the beginning, but only suspends it after and while it is itself effectual.''

If the judgment of the circuit court had not been suspended by the supersedeas, we have no doubt the certificate of the election would have been spread upon the order book of the Muhlenberg County Court and thereafter the city council of Central City would not have issued a license to sell liquor. But when that judgment was superseded, it prevented, pending the appeal, the entry of the order and left the city council, as we will presently show, at liberty to grant the license.

It may well be said that in view of the expressed wish of the people at the election and the judgment of the circuit court declaring the election valid, the city council should not have issued a license. But, notwithstanding this, they did do so, and the only question we are at liberty to consider is, did that license—assuming here the right to grant it—protect the appellant during its existence? If this question were a new or an open one in this State, we would be inclined to say that it did not protect him after the mandate from this court had been issued and entered and the certificate spread on the order book of the county court. But the precise question we have here was before this court in Watts v. Commonwealth, 78 Ky., 329.

In that case it appears from the opinion that Watts obtained from the county court of Madison County, in November, 1878, a merchant's license to retail liquor in the town of Richmond. The next day an election was duly held in the town, at which a majority of the votes cast were against the sale. Watts continued to sell under his license, and the question was whether his license protected him in so doing.

Section six of the local option law in force in 1880 when that opinion was written, provided that ''After the entry of the certificate of the examining board, as above provided for in the order book of the county court, it shall be unlawful for any person to sell any spirituous, vinous, or malt liquors in the said district, town or city to any person.'' But notwithstanding this statute, and the fact that the entry was made on the order book, the court held that Watts had the right under his license to sell liquor until his license expired. In the course of the opinion, it is said:

''Until a vote was taken, the county court had an unquestioned right to grant a license to merchants to

sell, and the question is, whether the legislature intended that licenses so granted should cease to protect the licensee if the people should afterward, within the period covered by the license, vote against the sale of liquors. If the statute is to have that effect, it is certainly in the nature of a retrospective statute. It will operate to deprive the licensee of a privilege he had obtained and paid for before the vote was had, and at a time when the court had undoubted power to grant a license which would authorize him to sell for one year from the date of the license. * * * All of the reasons which go to sustain the rule that an act of the Legislature will not be held to operate retrospectively unless the legislative intention that it shall have such operation be clearly shown, apply with equal force to the case in hand, and we are therefore of the opinion that the appellant's license affords him full protection during the time for which it was granted.''

Section six of the act then in force, in so far as it relates to the effect of the entry of the certificate on the order book of the county court, has remained in force without substantial change from that day to this.

In Sheehan v. Louisville & Nashville R. R. Co., 125 Ky., 478, the question of the protection afforded by a license again came before the court on this state of facts. It appears from the opinion that Sheehan had a license from the city council of Falmouth, in Pendleton County, to retail liquor for one year from May, 1906. In December, 1906, the local option law was by a vote of the people of Pendleton County put into effect in the city of Falmouth, and thereafter in February, 1907, Sheehan brought suit against the railroad company to compel it to deliver to him a consignment of beer. The railroad company contested the suit upon the ground that the result of the local option election had the effect of nullifying the license of Sheehan, and therefore it would be guilty of a violation of law in delivering the beer to him. But this court, in referring to the Watts case, said:

''That opinion was acquiesced in by the bench and the bar and by the Legislature. The statute then in force remained unchanged until the present act was passed after the adoption of the new Constitution, and the act which was then adopted is in this respect in the same language as the former act. * * * We do not doubt that the Legislature might have changed the rule if it had seen fit to do so; but strong reasons of public policy

require that, after the judicial construction of the act has been acted upon for so many years, it should not be overruled by the court, when to do so would make acts criminal which have been done in good faith upon the judicial construction which the statute had received. * * * We therefore conclude that Sheehan's license protects him in selling until his license expires and as to him the local option law will not take effect until the expiration of his license. * * * The sale of spirituous, vinous or malt liquors is not prohibited in Falmouth by Sheehan until his license expires, and therefore the act does not apply to shipments by the carrier to him before the expiration of his license.''

As said by the court in the Sheehan case, the Legislature had the power at any session to enact legislation providing that licenses to sell liquor, although rightfully issued, should expire immediately, or at any specified time after an election at which a majority of the votes were cast against the sale of liquor. But, although the Legislature must have known of the opinion in the Watts case, and subsequently of the opinion in the Sheehan case, and of the effect of these opinions, it did not, until its session in 1914, attempt to make any change in the law existing when the Watts opinion was written and when the Sheehan opinion was written.

The inaction of the Legislature during the years prior to 1914 plainly shows a purpose on its part to acquiesce in or rather adopt the construction placed on the law by the Watts case in 1880, and we do not feel at liberty now to depart from that construction, on the faith of which the appellant acted.

Therefore, the license issued by the city council of Central City to the appellant protected him under the laws then in force until it expired, unless it be, as insisted by counsel, that the city authorities had no power to grant the license in 1913.

Looking now to this feature of the case, we find that at the time the local option election was held in Muhlenberg County, Central City was ''wet'' territory, and the council had the right to issue licenses. It further appears that when the election was held and the majority of the votes were cast against the sale of liquor, the election was contested by those favoring the sale in the manner provided in section 2566 of the Kentucky Statutes, and from the decision of the contest board holding the election valid, an appeal was prosecuted by those favoring

the sale to the circuit court. The effect of this appeal, with bond and supersedeas, was to suspend the effect of the election until the appeal was disposed of by the circuit court. Again, when the circuit court sustained the validity of the election, and those favoring the sale of liquor prosecuted, with a bond and supersedeas, an appeal to this court, the effect of the appeal was to suspend the judgment of the circuit court pending the appeal. So that the status in Central City as it existed when the election was held was preserved by these bonds and orders of supersedeas until the contested election was finally disposed of by this court, and during that period of time the city council of Central City had the legal right to issue licenses.

In Simpson v. Commonwealth, 31 Ky. L. R., 821, it appears that Simpson was indicted by the grand jury of Edmonson County charged with the offense of selling liquor without a license, and his punishment fixed at a fine of one hundred dollars. It further appears that Simpson applied to the county court of Edmonson County for a license to retail liquor, which was granted. From this order the county attorney prosecuted an appeal to the circuit court, in which court the judgment of the county court granting the license was reversed. From the judgment of the circuit court, which in effect denied him the right to sell, Simpson prosecuted an appeal to this court with a supersedeas and bond, and after this, and pending the appeal in this court, he continued to sell liquor under the license granted by the county court. In disposing of the case, the court said:

"The question before us now is whether or not the supersedeas bond executed by the appellant in the case involving the issuance of the license protected him in the sale of liquor under his license pending the disposition of the appeal. It is not disputed that the appellant sold the liquor for which he was indicted after the day upon which the judgment of the circuit court was entered. * * * The appellant was entitled to prosecute an appeal from the judgment of the circuit court. * * * This being true, it necessarily follows that the execution of the supersedeas bond suspended the judgment of the circuit court pending the appeal, and left the order of the county court in full force and effect. * * * The trial court in this case was of the opinion that, after the judgment reversing the order granting the license was entered, the license no longer protected the appellant in the sale of

liquor, and that he had no right to appeal to this court from the judgment of the circuit court. In this, as we have seen, he was in error. * * * An appeal had been granted, and he had superseded the judgment. As the facts we have above set forth were not disputed, the appellant was entitled to a peremptory instruction to the jury to find him not guilty, and the trial court should have so ordered."

Again in Com. v. Weisenberg, 126 Ky., 8, the question came up in this way: Previous to May, 1906, the sale of intoxicating liquor was prohibited in Cloverport district, but at a local option election held in May a majority voted in favor of the sale, but the certificate was not spread on the order book of the county court, because notice of contest was given. When the contest on the part of those opposed to the sale of liquor came up before the contest board, that board dismissed the contest, thereby in effect holding that the election was valid. Thereafter an appeal was taken from the decision of the contest board to the circuit court and that court held the election void. After the contest board had dismissed the contest and before the appeal was prosecuted to the circuit court, the city authorities of Cloverport issued to Weisenberg a license to retail liquor for one year from July, 1906. In January, 1907, the contestees superseded the judgment of the circuit court declaring the election void and prosecuted an appeal to this court, where the judgment was affirmed. The question for decision was, did the license issued by the city council of Cloverport protect Weisenberg? In that case we said:

"If the authorities had the legal right to issue license, the judgment of the circuit court annulling the election would not, pending the appeal, affect the rights of licensees. The license was issued for the period of one year, but the right to operate under it was subject to be taken away at any time by final adjudication that the election was void. If the election during the life of the license had been set aside by the judgment of this court, or the judgment of an inferior tribunal or court from which no appeal was prosecuted, the decision would relate back to and restore the status that existed immediately preceding the election; and in such event the local option law in force prior to May, 1906, would have continued in operation, and therefore the sale of liquor would have been illegal, notwithstanding the license. But the law allows all appealable orders to be superseded and

suspended pending an appeal; and when the judgment of the circuit court declaring the election void was appealed from and its operation and effect suspended by the execution of a supersedeas bond and the issual of an order of supersedeas, the effect was to leave affairs in the same condition they were just before the judgment was entered. * * * Therefore the judgment of the circuit court, which was rendered inoperative for the time being by an appeal and supersedeas, preserved the status existing before the judgment was rendered, and did not annul or interfere with the privilege of appellees to conduct their business under the license, if it gave them such right; and this continued during the life of the license, or until the appeal was disposed of by this court, and its judgment had become final.''

It was ruled in that case that the city council was not authorized to issue a license to appellees because at the time the license was issued the certificate of the result of the election had not been spread on the order book, and so as the city council was not authorized to issue a license, it did not protect appellees.

This case is relied on by counsel for appellee, but it does not support their position. The essential difference between that case and this is that here the city council had the unquestioned right to issue this license, as before the election the territory was ''wet'' and the effect of the election converting it into ''dry'' territory was suspended by the execution of a supersedeas bond and the issual of orders of supersedeas on the appeal to the circuit court and to this court. And these bonds and orders of supersedeas, as held in the cases referred to, as well as in the Weisenberg case, suspended the effect of the election and left the city council legally free to grant licenses.

In Townsend v. Gorin, 144 Ky., 671, the rule in the Weisenberg case was approved, and it was further said, in speaking of the statute providing that the certificate should not be recorded pending a contest where the rights of the parties were protected by a supersedeas and bond, ''that its purpose is to allow the defeated side to appeal with supersedeas and thus preserve the existing status.''

We think the council had the right to issue the license and that it protected the appellant during its life, and therefore the judgment is reversed, with directions to enter a judgment acquitting him.