## Nunan, et al. v. City of Winchester.

(Decided June 15, 1915.)

### Appeal from Clark Circuit Court.

1. Intoxicating Liquors—Election Forbidding Sale of—Appeal.— The local option law of 1914 (Ky. Stats., Ed. 1915, Sec. 2557), changed the pre-existing law in so far as it allowed a liquor license granted pending an appeal from a judgment which sustained an election forbidding the sale of liquor to continue throughout the year, although the judgment sustaining the election should be affirmed previous to the expiration of the year.

2. Intoxicating Liquors—Refusal to Renew License.—Where a liquor license expired pending an appeal from a judgment of the circuit court which sustained an election prohibiting the sale of liquor in a city of the fourth class, the action of the town council in refusing to renew the license will not be disturbed.

JOHN F. WINN for appellants.

B. R. JOUETT and PENDLETON, BUSH & BUSH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

This action was instituted by the appellants, as plaintiffs, in the Clark Circuit Court, on May 10th, 1915, and sought a mandatory injunction compelling the appellees, who are the mayor, members of the board of council, and the city clerk of the city of Winchester, to grant and issue saloon licenses to the several plaintiffs.

The petition stated that the appellants were engaged in the business of retailing spirituous, vinous, and malt liquors in Winchester, under licenses which would expire on May 20th, 1915; that Winchester is a city of the fourth class; and that in North Winchester precinct, which is one of the voting precincts of Clark County, and of the city of Winchester, it then was and had been lawful to issue licenses for the sale of liquor, since 1899.

It appears, however, that on September 28th, 1914, an election was held in Clark County, including the city of Winchester, under what is known as the "County Unit Law," and that the election declared against the sale of liquor in Clark County, thereby converting North Winchester precinct from "wet" territory into "dry" territory.

A contest was instituted before the board of contest, and, upon a trial, that board, on February 3rd, 1915, held the election was void. But, upon an appeal to the circuit court, the contest was dismissed on April 24th, 1915; and the judgment of the circuit court directed that the certificate of the election commissioners should be recorded on the order book of the county court, as required by the statute.

An appeal was immediately taken from the judgment of the circuit court to the Court of Appeals, and the judgment of the circuit court was superseded. The effect of the appeal and the supersedeas was to prevent, for the present, the recording of the certificate upon the records of the county court.

In view, however, of the near expiration of the licenses on May 20th, 1915, the appellants and the other liquor dealers in North Winchester precinct applied to the board of council for licenses for the year, to begin May 20th, 1915; but the board of council refused to grant a license to any of the applicants, although no objection was made, and no remonstrances were filed against the granting and issuing of a license to any of the sixteen applicants.

It was further alleged that the requirements of the statutes and the ordinances of the city were fully complied with; that the applicants were suitable and proper persons to conduct the business for which they sought licenses; that their places of business were suitable and proper places in which to conduct the business; that all of their places of business were situated in territory which was not under the operation of any local option law at the time the applications were made; and that the applications were all refused and rejected by the board of council of the city, for the sole reason that the people, in the election of September 28th, 1914, had declared against the sale of liquor in Clark County.

To a petition stating the foregoing facts a demurrer was sustained by the circuit court, and the plaintiffs appealed.

The question for decision, therefore, upon this appeal, is: Did the board of council of the city of Winchester, in view of the fact that at the local option election held September 28th, 1914, the county had voted against the sale of liquor, and that said election had been adjudged valid by the Clark Circuit Court on April 24th, 1915, have the discretion, notwithstanding the fact that the court's judgment had been appealed from and superseded, to refuse to grant saloon licenses for the term of another year?

Appellants contend, and the appellees frankly concede, that where a contest is properly instituted, and the judgment of the court sustaining the election is duly superseded, the local option election cannot go into effect and become effective until a final decision is had, and the certificate of the canvassing board be duly entered upon the records of the county court. Ky. Sts., sec. 2557. In short, appellees concede that the local option law has not yet gone into effect in Clark County.

Appellees contend, however, that the question presented by this appeal relates solely to the discretion of the board of council under the conditions which appear in this case; and, that although the contest of the election prevented the local option law from going into effect, and the superseding of the judgment of the circuit court which sustained the election suspended the effect of that judgment, neither the contest nor the supersedeas robbed the board of council of its discretion in serving the public by suspending the saloon business in obe-

dience to the apparent will of the majority, pending the final determination of the question, whether that expression shall be upheld or defeated in the contest. In other words, appellees contend that where the people have voted against the sale of liquor, and where that election has been upheld by the judgment of the circuit court, although that judgment has been superseded, and the contest is still pending in the courts, the board of council has a discretion to refuse or grant a license.

On the other hand, the appellants contend that since the appeal and supersedeas have prevented the election from taking effect, the local option statute is not in force, and that the board of council cannot arbitrarily refuse to grant the applicant's license to sell liquors in the territory of North Winchester.

In support of their position appellants rely upon Commonwealth v. Weisenberg, 126 Ky., 8; Townsend v. Gorin, 144 Ky., 676; May v. Commonwealth, 160 Ky., 792; and Hall v. Smith-McKinney Co., 162 Ky., 165.

So much of the act of 1914, being section 2557 of the Kentucky Statutes (Ed. 1915), as relates to the time when the local option law takes effect, reads as follows:

"Whenever a local option election shall be held in any county, city, town, district or precinct in this State and a majority of the votes cast at said election shall be in favor of prohibiting the sale of liquor in the territory in which the election shall have been held, the law prohibiting said sale shall be in full force and effect at the expiration of sixty days from the date of the entry of the certificate of the canvassing board in the order book of the county court, and after the expiration of said sixty days no liquor license theretofore issued in said territory under the laws of this State, shall be of any force or effect whatever, but the owner of said license shall be entitled to receive from the said county, city, town, district or precinct to which the license money was paid, such proportional part thereof as the unexpired period of license bears to the whole of the year."

The remaining portion of the section provides a fine and jail sentence for a violation of the law.

By comparing the act of 1914, *supra,* with the preceding act of 1902 upon the same subject (Ky. Sts., sec. 2557, Ed. 1909), it will be observed that the act of 1914 is much more explicit in those provisions which prohibit the sale of liquor after it has been excluded by a local

option election. In the act of 1914 it is expressly pro-
vided that "after the expiration of said sixty days no
liquor license theretofore issued in said territory under
the laws of this State shall be of any force or effect what-
ever;" and the owner of the license is given the right
to recover the unearned portion of his license fee.

Neither of these provisions appeared in the act of
1902; and the result arrived at under that statute, by
which the liquor dealer was given the right to operate
under a license pending an appeal, was by way of the
construction of the statute, and giving the usual effect
to a supersedeas bond. There is in the act of 1902 no
express provision that liquor should not be sold after
the local option election should become effective; it
merely provided the usual penalty in case the law was
violated.

The cases relied upon by appellants, as above cited,
were all decided under the act of 1902; and, it is true,
they in effect decided that under the law as it existed
prior to 1914, a city council, pending an appeal from a
judgment upholding the validity of an election prohibit-
ing the sale of liquor that was suspended by a super-
sedeas bond, had the right to issue a license to sell liquor,
and that a license so issued protected the licensee during
the life of the license, although the judgment of the cir-
cuit court should be affirmed upon appeal before the li-
cense expired.

Clearly, however, the act of 1914 changed the pre-
existing law in so far as it allowed the license, granted
under the circumstances above indicated, to continue
throughout the year, although the judgment upholding
the validity of the local option election should be affirmed
previous to the expiration of the year; and, in our opin-
ion, it gave the city council the right to carry that change
into effect, by refusing to grant a new license after the
election had declared against the sale of liquor in that
territory.

In May v. Commonwealth, 160 Ky., 787, decided un-
der the law of 1902, this court said:

"It may well be said that in view of the expressed
wish of the people at the election and the judgment of
the circuit court declaring the election valid, the city
council should not have issued a license. But, notwith-
standing this, they did do so, and the only question we
are at liberty to consider is, Did that license—assum-

ing here the right to grant it—protect the appellant during its existence? If this question were a new or an open one in this State, we would be inclined to say that it did not protect him after the mandate from this court had been issued and entered and the certificate spread on the order book of the county court.''

We have here, then, the precise case contemplated in the first sentence of the foregoing excerpt, where the city council, in view of the express wish of the people, refused to issue a license pending a superseded appeal. In the May case, however, the council had granted the license, and in that respect it differed radically from the case at bar.

If the city council had granted the license, we would have a case within the rule announced in the cases relied upon by appellants; but, when it declined to grant the license, we have a different case, and one within the rule laid down in the excerpt above quoted from the May case.

In view of the foregoing explicit language found in the unanimous opinion of this court, as well as from the very nature of the case, we do not feel justified in overruling the decision of the city council made in the exercise of its discretion, and pursuant to the expressed wish of the people at the election.

The circuit judge took this view of the case, and his judgment will be affirmed.

The whole court sitting.