WILLIAM KRAMER, APPELLANT, *v.* GUSTAV AMBERG AND HENRY R. JACOBS, RESPONDENTS.

*Breach of conditions against subletting — remedies and rights of the lessor.*

In an action brought to have the lease of a building erected in the city of New York, known as the Thalia Theatre, declared and adjudged to have ceased and come to an end on account of the act of the lessee Amberg in subletting the said premises to the defendant Jacobs in violation of the terms of the lease, the complaint alleged that the plaintiff, the lessor, had in no way acquiesced in or approved of the said sub-lease, or the occupation of the theatre by said defendant Jacobs for any purpose whatever, and that the plaintiff, in accordance with the provisions of said agreement, and because of the violation of the conditions and provisions thereof by the defendant Amberg, elected to have the said written lease cease, determine and come to an end immediately.

Upon an appeal by the plaintiff from an order denying a motion for an injunction *pendente lite*, forbidding the defendants to use the theatre, *held*, that for the breach of the condition of the lease to Amberg not to assign or sublet, the plaintiff had two remedies, either an action upon the covenants in the lease to enjoin Amberg from subletting or assigning, or to re-enter because of the breach of the covenant.

That if the plaintiff had not elected that the lease should determine and come to an end, because of the breach of these covenants, he would have had a right by injunction in a proper suit in equity to enforce the covenants in the lease, suing upon the lease, but that having elected that the lease should terminate, his right to bring a suit to enforce the covenants in that lease terminated.

That the plaintiff having elected that the lease should end, because of the breach of these covenants, the lease was thereby terminated, and the only remedy which he had was a right of re-entry, which was to be enforced by the ordinary proceedings for the recovery of the possession of real property unjustly withheld from its true owner, namely, by an action in ejectment.

APPEAL from an order made at a Special Term, held in the county of New York, which was entered in the office of the clerk of the county of New York on October 17, 1888, denying the plaintiff's motion for an injunction herein.

*David Gerber*, for the appellant.

*B. Steinert*, for the respondents.

VAN BRUNT, P. J.:

The complaint in this action alleged that the plaintiff was owner of land and a building erected thereon, situate in the city of New

York, known as the Thalia Theatre, and that in the month of June, 1886, he entered into an agreement in writing with the defendant Amberg, whereby the plaintiff let to the defendant the said premises for a term commencing on the 1st of June, 1886, and ending on the 31st of May, 1891; and that it was, among other things, provided in said agreement that the defendant should not and would not assign his interest in said lease or written agreement, or underlet or sublet the whole or part of said premises without the written consent of the plaintiff. The complaint further alleges that in the latter part of May, 1888, the defendant Amberg sublet the said premises to the defendant Jacobs; and that the plaintiff has not consented to said sub-lease either in writing or otherwise, and that he has in no way acquiesced in or approved of said sub-lease, or the occupation of said theatre by said defendant Jacobs for any purpose whatever; and that the plaintiff, in accordance with the provisions of said written agreement, and because of the violation of the conditions and provisions thereof by said defendant Amberg, elects to have the said written lease or agreement cease, determine and come to an end immediately. The complaint then demands judgment that the written agreement or lease be declared and adjudged to have ceased and come to an end, and that the defendant Amberg be enjoined and restrained from permitting the said Jacobs to occupy the said theatre and the scenery therein. The complaint also demands other relief.

Upon this complaint a motion was made for an injunction restraining the defendants and each of them from continuing to use or occupy, or in anyway interfere with the premises known as the Thalia Theatre and the scenery therein contained; and also enjoining the defendant Amberg from making any lease, sub-lease or assignment of his lease of said premises to the defendant Jacobs or any other person. This motion having been denied, from the order thereupon entered this appeal is taken.

For the breach of the condition of the lease to Amberg not to assign or sublet, the plaintiff had two remedies, either in an action upon the covenants in the lease to enjoin Amberg from subletting or assigning, or to re-enter because of the breach in the covenant. In his complaint the plaintiff alleges that he has elected, because of the violation of the covenants in the lease, to have the same cease, determine and come to an end immediately. He had a right to make

this election, and if the covenants in the lease were violated, the lease, by reason of such election, terminated, and the plaintiff had no right of action thereon because it had ceased to exist. After having elected that the lease should cease, he now seeks, by this action, to enforce covenants contained in an instrument which has ended. If the plaintiff had not elected that the lease should determine and come to an end by reason of the breach of these covenants, he would have had the right, by injunction in a proper suit in equity, to enforce the covenants in the lease, suing upon the lease, but having elected that the lease should terminate, then his right to bring suit to enforce covenants in that lease also terminated, because upon an instrument which has ended no right of action can be based.

As already stated, the plaintiff had the right to elect that the lease should end because of the breach of these covenants; and having so elected, the lease terminated, and the only remedy which he had was a right of re-entry, which was to be enforced by the ordinary proceedings for the recovery of the possession of real property unjustly withheld from its true owner, viz., by an action in ejectment.

We think, therefore, that the learned judge below was correct in denying the motion for an injunction because there was nothing upon which an injunction could be founded, the lease having been terminated by the election of the lessor.

The order should be affirmed, with ten dollars costs and disbursements.

DANIELS and BARRETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.