## Backsman v. Courtesy, et al.

(Decided January 14, 1915.)

## Appeal from Campbell Circuit Court.

1. Landlord and Tenant—Lease—Cancellation—Violation of Covenant —Evidence.—In an action to cancel a lease on the ground that the lessee violated the covenant of use, suffered a nuisance on the premises, and committed a waste, evidence examined, and held, that the use of the building by defendant, a confectioner, to manufacture ice cream and candy, and the installation of two small motors for this purpose was not a violation of a provision of the lease that the premises should be used for "store and dwelling."

2. Landlord and Tenant—Lease—Cancellation—Nuisance—Evidence. —In an action to cancel a lease, evidence examined, and held not to sustain a charge of nuisance resulting from the fact that defendant, while engaged in making ice cream, permitted water to run on the floor and under the building and into the adjoining yard.

3. Landlord and Tenant—Lease—Cancellation—Waste—Evidence.— In an action to cancel a lease, evidence examined and held not sufficient to show that defendant had committed a waste by allowing water from the floor to run under the house, resulting in a sunken condition of the house and an adjoining shed.

H. GUNKEL, JR. for appellant.

OTTO WOLFF for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is an action to cancel a lease on the ground that the lessee violated the covenant of use, suffered a nuisance on the premises, and committed waste. The chancellor denied the relief prayed for, and plaintiff appeals.

Plaintiff, Francis Backsman, is the owner of an old-fashioned building on Monmouth street, in Covington. The building contains a store room and several rooms used for residence purposes. In the rear of the store room is a shed. In 1911, plaintiff rented the premises to Pete Courtesy for a period of ten years, with the privilege of five years longer. Courtesy conducted a confectionery business in the building under the name of Princess Confectionery Company. S. Demopoulas worked for Courtesy, and subsequently bought the business from him, at the same time taking an assignment of the lease. The lease provided that the premises should

be used for "store and dwelling." The lease contained further stipulations to the effect that the lessee should not permit any nuisance on the premises, or commit waste. It appears that Demopoulas installed two small motors in the shed and used them for the purpose of making candy and ice cream. It is insisted that as the building was rented for a store and dwelling, the manufacture of candy and ice cream was a violation of the covenant of use. Defendant pleaded that the making of ice cream and candy was incidental to the confectionery business, and it is contended that because he introduced no evidence on this question the violation of the covenant of use stands confessed. We take it, however, that the burden was on plaintiff to show a violation of the covenant of use, and, in the absence of convincing evidence to the contrary, we are not inclined to hold that where a store room is rented for confectionery purposes, the making of candy and ice cream and the installation of two small motors to be used for that purpose, constitute a violation of the use for which the premises were rented. It would be a harsh rule indeed that worked a forfeiture of the lease merely because the lessee, who was a confectioner, made his candy and ice cream upon the premises instead of purchasing them from others. In our opinion, there was no violation of the covenant of use.

There was some proof to the effect that the defendant, Demopoulas, while engaged in making ice cream, permitted water to run on the floor and under the building and into the adjoining yard, and that complaints of this fact were made by the neighbors on two or three occasions. On one occasion the health officer was called in and told defendant that this must not occur again. It does not appear that any further complaints were made. These acts did not amount to a nuisance.

Several witnesses testified that defendant frequently used a hose to wash the floor of the shed, and that this water and the water from the ice cream freezer flowed under the house, and not only the sills of the shed, but the house itself, had sunk because of the damp condition of the ground. The evidence for the defendant showed that the roof of the shed leaked, and that the gutter of the house was in bad condition and that the water complained of came from these sources. His witnesses also deny that there was any sinking of the shed or of the main building. It further appears that defendant, on

complaint being made, built a cement floor in the shed and drained it toward his own yard and into a cesspool thereon. The evidence also shows that the building was very old; that the cesspool occasionally became clogged up, and by reason of this fact the water accumulated in the cellar. It is very doubtful whether the sills rotted or the building sank as a result of the water which defendant used in the making of ice cream and candy. Indeed, the evidence is by no means convincing that any part of the building has sunk since the defendant has been in possession of the property. Under the circumstances, we see no reason to disturb the finding of the chancellor, who concluded that no waste had been committed.

Judgment affirmed.