## Hall v. Smith-McKenney Company.

### (Decided January 14, 1915.)

### Appeal from Shelby Circuit Court.

1. **Landlord and Tenant—Intoxicating Liquors—Injunction.—**Where a landlord is liable to a fine for permitting his property to be unlawfully used for the sale of intoxicating liquors, he has the right to have such illegal use by his tenant restrained by injunction.

2. **Intoxicating Liquors—Local Option Election—When Effective.—**A local option election held under section 2557 of the Kentucky Statutes, as amended by the Act of 1914, becomes effective at the expiration of sixty days from the date of the entry of the certificate of the canvassing board in the order book of the county court; but if a contest be instituted, and a notice thereof is served on the county judge before the certificate has been recorded, then the certificate is not to be recorded, and the status existing before the election continues.

3. **Appeal—Supersedeas.—**A supersedeas suspends the efficacy of a judgment.

4. **Appeal—Supersedeas—Suspending Local Option Election.—**An appeal, with supersedeas, under section 2567 of the Kentucky Statutes, from the decision of a canvassing board giving the result of a local option election, has the effect of suspending the election until the final determination of the appeal.

5. **Intoxicating Liquors—Local Option Election—Contest.—**Where a local option election is contested, the decision of the contest board takes the place of the certificate of the canvassing board, under sub-section 6 of section 2566 of the Kentucky Statutes; and

if a decision of the board be that a majority of the legal votes cast at the election was against the sale of intoxicating liquors, the entry of·the decision of the contest board on the order book of the county court is to have the same effect as the recording of the certificate of the canvassing board, required to be given and recorded before a contest is instituted.

6. Intoxicating Liquors—Local Option Election—Contest—Appeal.— When an appeal to the circuit court is determined, the judge of the county court may then record the decision of the contest board on his order book, unless an appeal with supersedeas is immediately taken, and everything done under the judgment before it is superseded will be valid; but when the judgment is superseded, nothing thereafter can be done by virtue of it until the appeal is determined.

7. Intoxicating Liquors—Local Option Election—Contest—Appeal.— Where the decision of the contest board was recorded on the county court order book before an appeal was taken therefrom, it is not necessary to again record the decision in case the election should finally be sustained; the decision having been properly recorded, it will be in force on the day the final judgment becomes effective, provided sixty days shall then have elapsed after the decision of the contest board was recorded.

HAZELRIGG & HAZELRIGG and WILLIS, TODD & BOND for appellant.

O'REAR & WILLIAMS, W. C. BECKHAM and E. B. BEARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Sustaining motion to dissolve injunction.

At a local option election, held September 28, 1914, in Shelby county, including the city of Shelbyville, there was a majority of 593 votes against the sale of intoxicating liquors in said county and city. On October 1, 1914, the County Board of Election Commissioners canvassed the election returns, made a certificate showing the result as above indicated, and delivered said certificate to the county court clerk.

A contest was instituted on October 9, 1914, before the board of contest, consisting of the judge of the county court and two magistrates, and notice of contest was served upon the judge of the county court as required by the statute. On October 12, 1914, the certificate of the canvassing board showing the result of the election, and which theretofore had been delivered to the clerk of the county court, was spread on the order book of the county court by the judge of the county court. By its decision of November 5, 1914, the contest board upheld

the election and dismissed the contest, and its decision was that day recorded upon the order book of the county court. Thereupon the contestants appealed to the Shelby Circuit Court on November 14th, and superseded the judgment dismissing their contest.

The defendant, Smith-McKenney Company, conducts a drug store in Shelbyville in a house belonging to the plaintiff, Matthews Hall, its lease extending one year from November 10, 1914. The Smith-McKenney Company held a license from the city of Shelbyville which authorized it to sell intoxicating liquors for one year expiring on October 14, 1914. On that date it renewed its said license for one year, paying $500 as a license fee.

Conceiving that the local option law became effective in Shelbyville on December 12, 1914, which was sixty days after the certificate of the canvassing board had been spread upon the order book of the county court, Hall brought this action on December 17, 1914, against his tenant, the Smith-McKenney Company, to enjoin it from further selling intoxicating liquors upon the premises which it had leased from Hall; and the circuit judge having granted said injunction, application is now made for a dissolution thereof. Owing to the importance of this question, the argument upon the motion was heard and the decision thereof participated in by the whole court, excepting Judge Turner, who was absent on account of illness.

If the local option law is in effect in the city of Shelbyville, the plaintiff, Hall, is liable, under Section 2557 of the Kentucky Statutes, to a fine for permitting his property to be unlawfully used for the sale of intoxicating liquors; and, being so liable, he has the right to have such illegal use restrained by injunction. So, it will be seen that the question presented for decision is this: Has the local option law become effective in Shelbyville by reason of the election held on September 28, 1914, notwithstanding the subsequent contest and the appeal and supersedeas above recited?

A decision of this question requires a review of the local option law of 1894, found in Article 1, Chapter 81 (Sections 2554-2568) of the Kentucky Statutes, and said act as amended by the act approved March 13, 1914 (Acts 1914, p. 49). The act of 1914 amends only Sections 2554 and 2557 of the local option law of 1894; all

other sections and provisions of the act of 1894 remain in full force; no attempt was made to amend them.

Briefly reviewing the material provisions of the act of 1894, and prior to its amendment in 1914, we find that Section 2554 authorized the calling of a local option election to take the sense of the voters by a written petition signed by a number of legal voters in each precinct of the territory to be affected, equal to 25% of the votes cast in each of said precincts at the last preceding general election.

It will be noticed that this section required the petition for a county election to be signed, not by a number equal to 25% of all the voters of the county at the last preceding general election, but by a number in each precinct which should be equivalent to 25% of the votes cast in that precinct. Section 2555 prescribes the duty of the county clerk, the sheriff, and the election officers in holding the election; while 2556 provides that if it shall be found that a majority of the legal votes cast at any such election were for or against the sale of intoxicating liquors in the county, it shall be the duty of the canvassing board to certify that fact, which certificate shall be delivered to the clerk of the county court, and by him safely kept until the next regular term of the county court, at which term the judge thereof shall have the same spread on the order book of his court. Section 2566 provided, however, and still provides, that when notice of a contest is executed on the county judge, the certificate shall not be recorded.

Section 2557 provided that after the entry of the certificate of the canvassing board in the order book of the county court, it should be unlawful for anyone to sell intoxicating liquors in the territory covered by the election, if the vote therein was given against the sale of intoxicating liquors; and it prescribed a fine of not less than $60.00 nor more than $100.00, or confinement in the county jail for not less than ten days nor more than forty days, or both fine and imprisonment, for each offense. Said section also imposed a fine of not less than $60.00 nor more than $100.00 upon any person who knowingly rented a house in which intoxicating liquors were sold in violation of the act.

Section 2557a defines a sale; Section 2557b prescribes the essentials of the indictment and the effect to be given a United States license in said prosecutions; Sec-

tion 2558 exempts certain dealers to whom the law does not apply; Section 2558a permits the sale by wholesale in certain cases; Section 2559 requires a deposit of money by the petitioners to pay the expenses of the election; Section 2560 as amended in 1912 contains the county unit law; Section 2561 makes it unlawful to sell intoxicating liquors in any territory where a majority of the legal voters thereof have voted against its sale; Section 2562 provides a penalty for illegal voting; Section 2563 limits the number of elections in any particular territory to one in three years; Section 2564 makes it the duty of the circuit judges to give the local option law in charging the grand juries of the counties within their jurisdiction; Section 2565 prevents the selling of liquor on an election day, and prescribes a penalty therefor; and Section 2566 provides for the contest of a local option election, and prescribes the procedure therein.

Section 2567, being the next to the last section in said article, reads as follows:

"The contestants or contestees shall have the right to appeal from the decision of the board to the circuit court of the county where the contest is pending, in the same way as appeals are taken from the quarterly court to the circuit court; an appeal may also be taken from the circuit court to the Court of Appeals."

Finally, Section 2568 provides that the cost of the contest shall be adjudged against the unsuccessful parties. We thus have a statute of fifteen separate and distinct sections, covering every question from the calling of the election to the payment of costs upon the final determination of a contest, including an appeal as in other civil cases.

Turning now to the act of March 14, 1914, for the changes in the law, we find that it modified the law of 1894, above outlined, in two respects only. First, it repealed Section 2554, which required the election petition to have the signatures of a number of voters equal to 25% of the legal voters of each precinct at the last preceding general election, and substituted, in lieu thereof, a new Section 2554, which authorizes the calling of a local option election upon a petition "signed by a number of legal voters in any county  *  *  *  to be affected equal to 25% of the votes cast therein at the last preceding general election." There is no other substantial change in the section; it merely authorizes a

local option election now to be held upon the petition of 25% of the legal voters of the entire county, as shown by the last election, regardless of their residences. Under the amendment it is not required that the petition shall have 25% of the voters of each precinct of the county; it is sufficient if the petition is signed by 25% of the voters of the entire county, regardless of their residences or the precincts wherein they voted. The amendment to Section 2554 related only to the calling of the election, and has no bearing upon the question before us, as to when the election becomes effective.

The amendment of 1914 also repealed Section 2557 of the Kentucky Statutes, and substituted in lieu thereof the following section:

"Whenever a local option election shall be held in any county, city, town, district or precinct in this State and a majority of the votes cast at said election shall be in favor of prohibiting the sale of liquor in the territory in which the election shall have been held, the law prohibiting said sale shall be in full force and effect at the expiration of sixty days *from the date of the entry of the certificate of the canvassing board in the order book of the county court,* and after the expiration of said sixty days no liquor license theretofore issued in said territory under the laws of this State shall be of any force or effect whatever, but the owner of said license shall be entitled to recover from the said county, city, town, district or precinct to which the license money was paid, such proportional part thereof as the unexpired period of license bears to the whole of the year; and any person who shall after sixty days sell, barter, or loan, directly or indirectly, any such liquors in said city, county, town, district or precinct, shall, upon conviction, be fined not less than $60 nor more than $100 and be confined in the county jail for not less than twenty nor more than forty days for each offense, and any person who knowingly furnishes or rents a house, room, wagon or any conveyance or thing in which spirituous, vinous or malt liquors are sold, bartered, or loaned, in violation of this act, shall, upon conviction thereof, be fined not less than $60 nor more than $100, and the house, wagon, vehicle or other thing in which the liquors were sold, bartered, or loaned shall be liable for all fines adjudged against the person selling, bartering, or loaning the same. In the event that a majority of the votes cast at

said election shall be in favor of the sale of liquors, then no license shall be granted to any person, firm or corporation to sell such liquors in said territory until after the expiration of the aforesaid sixty days if the issuing of the liquor license was in that territory prohibited by law prior to the holding of said election."

It will be recalled that in case the vote was against the sale of liquors the original Section 2557, above referred to, made it unlawful for anyone to sell intoxicating liquor in the prohibited territory "after the entry of the certificate of the canvassing board in the order book of the county court," as provided for by Section 2556 of the Kentucky Statutes. It will further be noticed that in case the vote is against the sale, the amendment of 1914, above set forth in full, provides that the law prohibiting the sale "shall be in full force and effect at the expiration of sixty days from the date of the entry of the certificate of the canvassing board in the order book of the county court." It is true the amendment proceeds to say that "after the expiration of said sixty days" no liquor license theretofore issued in said territory under the laws of this State shall be of any force or effect whatever; but that language adds nothing to the former clause which, in express and unmistakable terms, fixes the date for the prohibition law to go into effect "at the expiration of sixty days from the date of the entry of the certificate of the canvassing board in the order book of the county court." So, when the amendment supplemented the prohibitory clause by providing that "after the expiration of *said sixty days*" no liquor license theretofore issued should be of any force, it merely repeated the prohibition for the purpose of making plain the subsequent provision, that whenever the law became effective the owner of the license should be entitled to recover the unearned portion of his license money. But in no event should the prohibition law become effective until "at the expiration of sixty days from the date of the entry of the certificate of the canvassing board in the order book of the county court."

Prior to the amendment, by the terms of the statute then in force, the law became effective immediately "after the entry of the certificate of the canvassing board in the order book of the county court." It is plain, therefore, under that law, as well as under the amendment of 1914, the controlling date for the law to become

effective was the entry of the certificate of the canvassing board in the order book of the county court; it taking effect under the old law immediately upon the entry of the certificate, and sixty days thereafter under the amendment. Moreover, the last clause of the amendment contains the correlative provision that in the event a majority of the votes cast at such an election shall be in favor of the sale of liquors, no license shall be granted for that purpose "until after the expiration of the aforesaid sixty days if the issuing of the liquor license was in that territory prohibited by law prior to the holding of said election."

The original Section 2557 contained no provision for the refunding to the licensee any proportional part of his license money in case an election became effective during the period covered by his license; but the amended Section 2557 expressly provides that, after the local option law becomes effective, the owner of the license may recover from the county, city, town, district or precinct to which the license money was paid, such proportional part thereof as the unexpired period of license bears to the whole of the year.

So, in this case, under the amendment of 1914, the question is, as it was under the original act of 1894: When does the election become operative in case of a contest and an appeal from a superseded judgment of the canvassing board? The statutory provisions in this respect are precisely the same under the law as amended in 1914 as they were under the law of 1894; the sections of the statute prescribing the practice in cases of contest and appeals therefrom remain unchanged. Section 2567, above set out, remains unamended and unchanged; it formerly provided, and now provides in express terms, that either the contestants or the contestees shall have the right to appeal from the decision of the canvassing board to the circuit court "in the same way as appeals are taken from the quarterly court to the circuit court." It thus became necessary, in applying this section to local option elections, to determine what was the effect of taking an appeal from an adverse judgment of a quarterly court to the circuit court, in case it had been superseded, as provided by the Civil Code of Practice.

In speaking for this court, as early as 1836, in Runyon v. Bennett, 4 Dana, 598, Judge Marshall said: "A

supersedeas suspends the efficacy of a judgment.'' This rule has become elementary, and has been cited with approval and followed undeviatingly. Weber v. Tanner, 23 Ky. L. R., 1109, 64 S. W., 741; Hey v. Harding, 25 Ky. L. R., 1455, 78 S. W., 136; Commonwealth v. Weisenberg, 126 Ky., 13; Hazelrigg v. Douglass, 126 Ky., 746; Gardner v. Continental Ins. Co., 31 Ky. L. R., 70, 101 S. W., 911; U. S. F. & G. Co. v. Jones, 133 Ky., 622; Townsend v. Gorin, 144 Ky., 676.

Applying this rule to appeals in local option contests, this court has consistently and uniformly held that the provision granting an appeal from the decision of the canvassing board in the same way as appeals are taken from the quarterly court to the circuit court, had the effect of suspending the election until the final determination of the appeal. This conclusion was reached by reading Section 2557, which makes the entry of the certificate of the canvassing board in the order book of the county court the date at which the election is to become effective, in connection with Section 2566, which expressly provides that the certificate of the canvassing board shall not be recorded after a notice of the contest is executed on the county judge.

In the late case of May v. Commonwealth, decided November 10, 1914, and reported in 160 Ky., 785, this question was again examined; and it was there again held that in local option cases, as in other cases, a supersedeas bond with a supersedeas order suspends the efficacy of the judgment, and stays proceedings on it until the final determination of the case.

It being conceded that the election could not, under Section 2557, become effective until the certificate of the canvassing board was entered upon the county court order book; that it could not, under Section 2566, be so entered after notice of the contest was served upon the county judge; and that, by the appeal and supersedeas under Section 2567, and the authorities above cited, the recording of the certificate was suspended, it would seem necessarily to follow, in the absence of some statutory provision to the contrary, that the election did not become effective until after the determination of the appeal and the subsequent entry of the certificate of the board upon the order book of the county court.

In considering this question in Townsend v. Gorin, 144 Ky., 676, this court said:

"The purpose of the statute in requiring the certificate of the canvassing board to be kept until the next regular term of the county court before it is recorded, is to give an opportunity to the defeated side to contest the election, and if the contest is instituted and the notice is served in the meantime on the county judge, the certificate is not to be recorded.    In that event, the status existing before the election continues.    When the contest is decided, the decision of the contest board shall be entered on the order book of the county court, that is, it is the duty of the county judge to have it so entered. But this provision of the statute is to be read in connection with the provision immediately following to the effect that the defeated party may appeal to the circuit court in the same way as appeals are taken from the quarterly court to the circuit court.   If the appeal is taken before the county judge enters the certificate on the order book it should not thereafter be entered on the order book. If the appeal is not taken until after the county court has entered the decision upon the order book, then the judgment of the contest board is in effect until the appeal is taken and the judgment is superseded; but when the judgment is so superseded, what has been done under it which was legal when done is not thus rendered illegal; but no further steps can be taken under the judgment after the supersedeas is issued; for the judgment is thus rendered inoperative so long as the appeal is undetermined.    In the same way, when the appeal is determined in the circuit court, the judge of the county court may then record the decision on his order book unless an appeal with supersedeas is immediately taken, and everything that is done under the judgment before it is superseded will be valid, but when the judgment is superseded its vitality is taken away, and nothing thereafter can be done by virtue of it, as it then stands as though it had never been rendered until the appeal is determined.   When an appeal is taken from the decision of the contest board to the circuit court and the judgment is superseded, the situation is just the same as in the case of an appeal in an ordinary action from the quarterly court to the circuit court with supersedeas. The same rule applies when an appeal with supersedeas is taken to this court from the judgment of the circuit court, as in other cases appealed to this court with supersedeas.

"The statute should be carried out according to its spirit by both sides. Its purpose is to allow the defeated side to appeal with supersedeas, and thus preserve the existing status."

This uniform ruling of the court upon the effect of a supersedeas in local option elections had become well settled, and was, of course, well known to the Legislature of 1914, when it enacted the amendment of that year. If it had intended to change the effect of the law in this respect, so as to make the election effective at the expiration of sixty days from the date of the entry of the certificate of the canvassing board in the order book of the county court, notwithstanding an appeal and supersedeas, it would not only have been quite easy to do, but it was to be expected that it would have been done in express terms. A few lines providing that the service of the contest notice should not prevent the recording of the certificate, or that the law should become effective at the expiration of the sixty days after the entry of the certificate, notwithstanding the contest, appeal and supersedeas, would have been sufficient. But as no attempt was made to change the statute in these respects, it must be given its well-settled meaning and effect. In leaving these provisions of the old law unamended and untouched, the conclusion is unavoidable that the Legislature fully understood the effect that was to be given them.

It is an elementary rule of construction that repeals by implication are not to be favored; and this is especially true where a statute has been given a well-settled meaning by repeated adjudications of a court of last resort.

But when it came to deal with the situation after the election had become effective, the new Section 2557, as amended in 1914, made a radical change by providing for the refunding of the unearned portion of the license fee. Under the former statute, as construed by this court, when the dealer renewed his license, say for a year, pending an appeal sustained by a supersedeas, he was allowed to sell intoxicating liquors for the period of the license, notwithstanding the fact that the local option law may sooner have become effective by reason of the final disposition of the contest. Watts v. Commonwealth, 78 Ky., 329; May v. Commonwealth, *supra,* and the cases there cited.

Evidently the amendment of 1914 undertook to avoid the construction theretofore put upon the statute in this respect, since it expressly provided that after the expiration of sixty days from the date of the entry of the certificate of the canvassing board in the order book of the county court, no liquor license theretofore issued should be of any force or effect whatever, "but the owner of said license shall be entitled to recover from the said city * * * to which the license money was paid, such proportional part thereof as the unexpired period of license bears to the whole of the year." From this express provision it is clear that the Legislature intended to change the old rule laid down in the former cases, which permitted the license to run its full course, although the prohibition law had become effective in the meantime, and to annul all licenses at the expiration of the sixty days after the entry of the certificate upon the order book of the county court, providing, however, for the refunding of the unearned portion of the license fee.

In the case at bar the defendant's license expired October 14, 1914, and it was renewed upon that day for another year. On December 12, 1914, that being sixty days after the certificate was recorded, the defendant tendered its license back to the city and demanded the return of the proportional part of its license money; but the city refused to accept the license, or to refund the money. But if it should be finally determined that the election of September 28, 1914, was valid, defendant's license will stand revoked from the date of such final determination, and in this event the defendant will be entitled to have a proportional part of its license money repaid to it, according to the then unexpired term of its license.

The county judge should not have recorded the certificate of the canvassing board on October 12, 1914, and the recording was without effect, because the notice of contest had theretofore been served. Kentucky Statutes, Section 2566; Townsend v. Gorin, 144 Ky., 676. And a contest having been filed, the decision of the contest board takes the place of the certificate of the canvassing board, under Sub-section 6 of Section 2566, which reads as follows:

"The decision of the board shall be given in writing and signed in triplicate. One copy shall be delivered to the contestants, and one copy to the contestees, and the other shall be delivered to the county clerk of the county in which the contest is pending, which shall

be entered on the order book of the county court; and if the decision of the board be that a majority of the legal votes cast at the election were against the sale of such liquors, the entry of such decision shall have the same effect as the recording of the certificate of the examining board as hereinbefore provided."

When an appeal to the circuit court is determined, the judge of the county court may then record the decision of the contest board on his order book, unless an appeal with supersedeas is immediately taken. Townsend v. Gorin, *supra*. But since the decision of the contest board in this case was recorded on November 5, 1914, and the appeal therefrom was not taken until November 14th, it will not be necessary to again record it, in case the election should finally be sustained. The decision having been properly recorded, the appeal and supersedeas only suspended its efficacy pending the appeal. If the election be sustained in this case, it will be in force on the day the final judgment becomes effective, which will necessarily be more than sixty days after the decision of the contest board was recorded. But, as the case now stands, the decision of the contest board is suspended by the appeal and supersedeas.

It follows that the motion to dissolve the injunction granted by the circuit court will have to be sustained, and it is so ordered.

Judges Settle, Carroll, Nunn and Hurt concur in this ruling, and by order of court this opinion will be printed in the Kentucky Reports.