## Raff v. Freiberg.

(Decided February 10, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1.  Landlord and Tenant—Lease Construed Most Strongly Against
    Lessor.—Lease is to be construed most strongly against lessor
    and in favor of lessee, where it is ambiguous.

2.  Landlord and Tenant—Clause Requiring 60 Days' Notice Before
    Expiration for Renewal of Lease Held Option to Renew.—Clause,
    requiring lessee to notify lessor "not less than 60 days before
    expiration of this lease for a renewal of this lease," held to be
    option for renewal on same terms as old, since clause could have
    no other useful meaning.

FRED STARCK and DOOLAN & DOOLAN for appellant.

BEN SACHS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The landlord entered into a written contract of lease
with the tenant for a house on Third street, in Louis-
ville, at sixty ($60.00) dollars per month, for a term of
five years, ending May 14, 1924. Before the expiration
of the term this suit was brought pursuant to the de-
claratory judgments act for a declaration of the rights
of the parties. The contract was on a printed form em-
ployed among real estate men in Louisville for the letting
of houses. In the blank space left for the description of
the premises the parties added in these words:

> "It is also agreed party of the second part
> notify party of the first part, not less than 60 days
> before the expiration of this lease for a renewal of
> this lease."

The lessee contends that the quoted clause gave him
an option of renewal of the lease for an additional term
of five years provided he gave the landlord, or his agent,
sixty days' notice of tenant's intention to do so before
the expiration of the lease; while the owner and her
successor in title contends that the quoted clause was
put in the contract to require the lessee to notify the
lessor sixty days before the termination of the lease if
he desired to renew the contract so that negotiations

might be instituted looking to the fixing of the monthly rental and other conditions, if a new lease was to be made.

It will be observed from a reading of the clause in controversy that there is no specific grant of an option for renewal of the lease, but there is such reference to it as would raise in the mind of a reasonable person the inference that the lessee had the privilege of renewing the lease by giving the required sixty days' notice.

It may be conceded that if the clause was placed in the contract for the purpose of giving the lessee an option to renew the contract the law supplies the balance of the agreement to the effect that the renewal should be for a term of five years at sixty ($60.00) dollars per month, with all of the other terms of the original contract.

The general rule requires the lease contract to be construed most strongly against the lessor and in favor of lessee where it is ambiguous.

"It has frequently been laid down that leases are to be most strongly construed against the lessor, and that if there is any doubt and uncertainty as to the meaning of a lease, it is to be construed most strongly in favor of the lessee." 36 C. J., page 1181. See Mullins v. Nordlow, 170 Ky. 169.

In Taylor on Landlord and Tenant, 9th edition, vol. 1, page 408, it is said:

"A covenant that the lessee shall have the refusal of the premises at the expiration of the lease, for a specified term, is a covenant to renew the lease at the same rent for that term. It is violated by a refusal of the lessor to renew the lease, except at an increased rent."

In the same volume, page 410, it is further said:

"Nor will a general covenant for a renewal be construed to imply a perpetual lease. The most a lessor is bound to give in such a covenant is a renewal for one term only."

"A general covenant to renew imports a new lease like the old one, upon the same terms and conditions, and accordingly is sufficiently certain, and any other form of agreement whereby the terms of the contract to extend or renew the lease may be de-

termined will satisfy the requirements of the rule.''
35 C. J., page 1009.

"The words, 'with the option of renewal,' are
sufficiently definite to be enforced by a decree for
specific performance, requiring a renewed lease for
a like term, etc." Lewis v. Stephenson, 67 L. J. Q.
B. 296.

"The right to renew *ex vi termi* imports a new
lease, at the old rent, and with the same terms, con-
ditions, and essential covenants, except the covenant
to renew, and under a covenant to renew a new lease
or the renewal term will be of this quality unless
there are express changes designated in the coven-
ant. And the privilege of renting for a designated
additional term, or a lease for a term with a privi-
lege of continuing longer, is construed like a general
renewal covenant as providing for additional hold-
ing upon the same terms as in the original lease."
35 C. J., page 1026.

In McAdam on Landlord and Tenant, supplemental
to 2nd edition, vol. 2, page 72, it is said:

"A renewal of a lease operated as a renewal of
all the provisions contained in or made a part of the
lease.''

Two of our latest cases upon renewal of lease con-
tracts are Ingram v. Foster and Roma Lane, 205 Ky. 57,
and Parsons v. Ball, 205 Ky. 793.

The learned trial judge delivered an opinion in which
it was held that the above quoted clause was an agree-
ment between the parties for a renewal of the lease con-
tract for an additional period of five years. In arriving
at that conclusion the court said:

"Unless that provision of the contract means
that Freiberg should have the right to renew, it does
not mean anything; because it was idle to make a
formal agreement that Freiberg should give sixty
days' notice before the expiration of the lease if he
intended to ask permission of the owner of the prop-
erty to extend the lease, leaving the owner to deter-
mine at that time whether he would, or not, grant an
extension. The course could have been pursued
without any contract.''

We quite agree with the chancellor in his conclusion that the quoted clause would have served no useful purpose, if, as contended by appellant, it was placed in the contract in order that negotiations might be instituted for the making of a new lease, because that could have been done as well without such provision as with it.

The general tendency among courts is to hold terms and conditions, similar to the one included in this contract, concerning renewal of leases to give to the lessee an option if exercised in the manner stipulated, to compel the landlord to renew the lease for a period similar to that embraced in the original lease and upon like terms. The parties acting as rational beings could not have contemplated anything save a renewal of the contract by the words employed in the lease contract before us. We, therefore, conclude that the chancellor correctly adjudged the case in holding that the lessee was entitled, upon giving proper notice, to a renewal of the contract.

Judgment affirmed.