## Saad v. Hatfield.

(Decided March 22, 1935.)

T. L. CREEKMORE for appellant.

A. F. CHILDERS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

Mintaha Saad appeals from a judgment sustaining a demurrer to, and dismissing, her petition.

Briefly stated, the facts pleaded are: Appellant owns a building situated on the corner of Division and Second streets in the city of Pikeville. On November 29, 1933, she and her husband leased one of the store-rooms in the building to J. D. Billiter for a period of one year from December 10, 1933, with the privilege of renewing the lease for an additional period of two years. On July 2, 1934, Billiter assigned and trans-ferred the lease to J. D. Hatfield, who is now occupying the store. Appellant leased the premises to Billiter to be used as a grocery store and meat market, and for no other purpose. At the time the lease was made Billiter was engaged in conducting a grocery store and meat market on the opposite side of the street, and the lease was made for the purpose of enabling him to continue his business in the leased premises. At that time ap-pellant was, and still is, engaged in conducting the business of selling novelties and dispensing soft drinks, including 3.2 beer, in the storeroom adjoining the leased premises, and had theretofore refused to lease the store-room to any one to engage in any competitive line of business with her, and would not have leased the same to said Billiter for any competitive line of business. Subsequently, the Legislature of the state of Kentucky passed an act authorizing the sale of beer and intoxicat-ing liquor under license, and appellant has procured a license under the act and is now and for some time has been engaged in the sale of intoxicating liquor and beer, which business she conducts in the corner storeroom adjoining the leased premises. Immediately upon en-tering the leased premises on July 2, 1934, the defend-ant Hatfield obtained a license to sell intoxicating liquor and beer. Since that time he has been engaged in the business of selling same, and will continue to sell same throughout the remainder of the lease unless enjoined

and restrained by the court. By so doing, the defendant has and will seriously injure the plaintiff's business and will cause her irreparable loss for which she has no adequate remedy at law. At the time the lease was made on November 9, 1933, the sale of intoxicating liquors was prohibited by the law of the state and the law of the United States, and the leased premises could not have been legally used for the purpose of selling intoxicating liquors, and neither of the parties to the contract contemplated the use of the premises for any such purpose. Appellant would not have consented to and permitted the use of said premises at that or any other time for that purpose, and, the use thereof for that purpose being prohibited by operation of law, such use was impliedly excluded by the lease contract. As soon as appellant learned that defendant was using the leased premises for the purpose of selling intoxicating liquors therein she requested him not to do so, but he has refused to comply with said request, and has used and will continue to use the premises for that purpose unless prevented by the court. The petition concludes with the prayer that defendant be restrained and enjoined from using the leased premises for the purpose of selling intoxicating liquors or beer therein, or from otherwise using the leased premises for any business in competition with the business of appellant.

In support of the insistence that the facts pleaded make out a case for injunctive relief, the argument is as follows: The lease must be construed as of the date it became operative, and not in the light of subsequent events. Being silent as to the use of the leased premises, it is permissible to determine from extrinsic facts the use contemplated by the parties. In the absence of a stipulation as to the use of the leased premises, there is an implied obligation on the part of the lessee not to use the premises so as to bring injury to the lessor, and not use the premises other than in the manner in which they are usually employed. At the time the lease was executed it was unlawful to sell intoxicating liquor, and such use could not have been within the contemplation of the parties. The fact that the sale of intoxicating liquors has subsequently been legalized cannot enter into the consideration of the case. The intention of the parties at the time the lease became effective controls, and what may subsequently occur can have no bearing on the question. Construing the lease

528

as of the date of its execution, it is quite obvious that the sale of intoxicating liquors was not only not contemplated by the parties, but was by implication of law excluded just as fully to all intents and purposes as if it had been expressly so provided and excluded by the terms of the lease.

The lease being silent as to the use of the premises, no prior oral agreement restricting the use will be enforced in the absence of pleading and proof that it was omitted from the lease by fraud or mistake. Kramer v. Amberg, 3 N. Y. S. 240, affirmed 53 Hun, 427, 6 N. Y. S. 303. The case turns on whether there is an implied obligation not to use the premises for the sale of intoxicating liquors. Here the premises are not being subjected to a use for which they were not adapted, nor are they being used for a purpose materially different from that for which they were usually employed. It is not claimed that appellee is conducting a disorderly house, or maintaining a nuisance, or engaged in conducting an illegal business that may subject appellant to liability. Hall v. Smith-McKenney Co., 162 Ky. 159, 172 S. W. 125. It is not claimed that the use exposes the storeroom to ruin or waste, or that it injures the reversion in any way. The only injury complained of is the injury to appellant's business resulting from the competition, and that is not the kind of injury that the lessee impliedly contracts not to bring about. Nor can it be said that, because the use to which the premises are now being put was prohibited at the time the lease was executed, the law annexes to the lease the condition that the premises should never be used for the prohibited purpose. The only implied condition is that the premises shall not be used for an illegal purpose. There is no implied condition against a use conceded by the parties to be legal, though it may have been illegal when the lease was executed. Ordinarily, the dominion of the tenant is as absolute during the demised term as that of the owner previous to the demise, and he may make the same use of the premises as the owner. 16 R. C. L. 737; Thousand Island Park Ass'n v. Tucker, 173 N. Y. 203, 65 N. E. 975, 60 L. R. A. 786. The facts pleaded do not bring the case within any of the exceptions to the rule. It follows that the demurrer was properly sustained.

Judgment affirmed.