# Otting v. Gradsky.

June 22, 1943.

Morris Weintraub for appellant.

Thomas D. Hirschfeld for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Appellant, plaintiff below, the owner of several lots with buildings situated in Newport, on October 8, 1941, entered into a written lease whereby he rented the property to appellee for one year with renewal privileges; the right of renewal has been exercised extending the lease until October 1944. The lease provided that the "premises and buildings thereon are to be used as an auto wrecking and sale of automobile parts business." After providing for payment of rentals and provisions against suffering waste, the same paragraph which con-

tained the language above, provided: "To not sell or permit to be sold on said premises during said term intoxicating liquor, oil or grease of any kind or character."

In his petition filed May 11, after setting out the contract it was charged that Gradsky "is now and has for some time in the past been conducting and carrying on the business and businesses of buying and selling and storing waste paper, scrap iron, scrap metals, waste materials and the general junking business, on and from the premises and the buildings located thereon." Plaintiff did not seek cancellation of the lease, but asked that Gradsky be enjoined from using the premises for the purposes of carrying on the business as stated above.

The court sustained appellee's demurrer, and upon plaintiff's declination to plead further dismissed the petition; from that order Otting prosecutes appeal. Appellant insists that the clause referring to the use to which the premises and buildings were to be put is restrictive; appellee contends that they are descriptive or permissive. This is the question to be determined. There might be less difficulty in reaching correct construction if the lessor had used the words "only" or "exclusively" or had not, after writing in the language naming the purpose of use, opened the way for removing doubt by the use of the restrictive phrase as to sale of liquor, oil or grease from the premises.

There is no claim here that any business conducted, or that anything that was being sold or handled by Gradsky, was in violation of any law or ordinance, or done in such a way as to constitute a nuisance. This failure takes it out of that class of cases which might justify a rescission or granting of an injunction on such complaint, Hall v. Smith-McKenney Co., 162 Ky. 159, 172 S. W. 125; Saad v. Hatfield, 258 Ky. 525, 80 S. W. (2d) 583, nor may it be implied from the contract, and it is not so plead, that lessee bound himself not to enter competition with lessor or another tenant of his.

We shall not enter into the discussion as to the omission of the words "only" or "exclusively" from that portion of the lease describing the business to be conducted, or the effect on the question of permissive or restrictive use. The only case in our jurisdiction to which we have been cited is Cleve v. Mazzoni, Ky., 45 S. W. 88, in which the exact question was not decided. It throws

no light on the case. We apparently held that contract restrictive because of the language of the lease. The contract provided that, "It is hereby expressly agreed to and understood that the said property is to be used as herewith described and not otherwise." The provision was that the leased premises should be used for mercantile purposes and as a dwelling, and for forfeiture in case of violation. The lessee rented a portion of his building to a colored person for the purpose of operating a barber shop. We held that a barber shop was not a "mercantile purpose" as contemplated in the lease.

The only other case to which we have been referred is Backsman v. Courtesy, 162 Ky. 157, 172 S. W. 87. The property there was to be used as a confectionery store and dwelling. Lessee installed two small motors in a shed to be used for the purpose of making candy and ice cream. Upon lessor's contention that such installation and use violated the contract, cancellation was sought. Reviewing the case, we reached the conclusion that the establishment of the motors for the purposes stated did not constitute a breach of the contract.

This case really turned on the failure of lessor to prove that there had been a violation of the contract. We found that the acts complained of did not constitute a nuisance, and said that it would be a harsh rule to work a forfeiture merely because lessee made candy and ice cream on the leased premises. So it would seem here to be beyond the bounds of reason to say that Gradsky had violated the contract by adding waste materials, scrap iron and scrap metals or conducting a general junk business to a business which was already a junk business. It is not charged that he violated the only restriction in the lease by selling liquor, or storing or selling oil or grease.

The rule is that a lease is ordinarily construed most strongly against the lessor if there be ambiguity. The party who prepares a lease is responsible for the language used, and should not be allowed to demand an interpretation upon a basis different from the ordinary meaning of the language employed. 32 Am. Jur., Landlord and Tenant, 127, 128. A provision in a lease authorizing use for a certain purpose is generally regarded as permissive, instead of restrictive, and does not limit or impliedly forbid their use for similar or related purposes, so long as there does not result an injury of the

landlord's rights, or are not expressly forbidden, or violate some statute or ordinance which would subject the lessor to liability. 32 Am. Jur. p. 191. Where words used in a lease are descriptive of the character of the premises, although indicating a particular use, the weight of authority is to the effect that such words do not constitute a restriction on the lessee in the use the words may indicate. Lawrence v. White, 131 Ga. 840, 63, S. E. 631, 19 L. R. A., N. S., 966, 15 Ann. Cas. 1097; Reed v. Lewis, 74 Ind. 433, 39 Am. Rep. 88.

Beyond such cases in our jurisdiction which deal with restrictive provisions of deeds conveying property for residential purposes, and containing restrictions as to use for other purposes (Ulmer v. Ulrey, 280 Ky. 457, 133 S. W. (2d) 744; Greer v. Bornstein, 246 Ky. 286, 54 S. W. (2d) 927) we find few dealing with the subject. Cities Service Oil Co. v. Taylor, 242 Ky. 157, 45 S. W. (2d) 1039, 79 A. L. R. 1374, dealt with the question as to whether or not an assignment of lease violated the terms of the contract which prohibited against a sub-lease. The main question turned on other features of the case not common here. We did find the subleasing restriction not to prevent an assignment so as to work forfeiture. We conceded the rule to be that the weight of authority, and the better reasoning, support the rule that restrictive covenants are strictly construed, and will not be extended beyond literal requirements or a reasonable interpretation of the terms employed. We found it to be at least doubtful whether or not there was under the facts a subletting "as designated in the lease," which would operate as a forfeiture.

We referred to the same rule in the recent case of Grassham v. Robertson, 277 Ky. 605, 126 S. W. (2d) 1063. Mrs. Grassham had leased to appellee a house and lot in Paducah; the provision of the lease was that the property should not be under-let without written consent of the lessor; the property was to be used as a lunch and drink establishment and a home "and in no other way." During the flood of 1937 lessor rented space on the lot to a telegraph company, a part of the building to a broker; another space to the Postal Telegraph Company, and still another to an insurance agency. These various spaces were occupied temporarily, and the occupants paid rentals to the lessee. When lessor ascertained that rent was being paid she demanded that the proceeds be turned over to her. Upon lessee's refusal

she began detainer proceedings. A jury found for lessee, and on traverse to the circuit court, and at direction of the trial judge the jury found for lessee. We affirmed on appeal. We discussed to a greater extent the question as to whether the subletting, as designated in the lease was sufficient to work a forfeiture, and concluded that it was not. However, we expressed the opinion that the lower court was eminently correct in holding that there was no substantial violation of the lease by using the premises contrary to the provisions of the lease. It may be the exigencies of the occasion had some influence, since under a strict construction there may have been a technical violation. The great demand for scrap metals and waste materials now prevailing might be of influence here, but we prefer to determine the question involved upon consideration of the contract alone; and in the light of the rules above stated, we are of the opinion that the use of the premises by lessee for the purposes charged in the petition does not constitute a violation of the conditions of the lease.

Our conclusion obviates the need for discussion of whether or not the proper remedy was through the injunctive process, or whether appellant was estopped because he charged that the alleged violation had been carried on "for some time in the past."

Judgment affirmed.