## Cheshire v. Wright et al.

February 27, 1951.

W. B. Ardery, Judge.

R. Vincent Goodlett and William Todd Cheshire for appellant.

Leslie W. Morris for appellees.

JUDGE MOREMEN—Reversing.

Appellees, Charles F. Wright and Stella R. Wright, his wife, defendants below, owned a certain tract of land known as ''Big Eddy Beach,'' located in Franklin County, Ky. on the south bank of the Kentucky River about two miles from the city of Frankfort, Ky. On April 16, 1947, appellees entered into a written agreement with appellant, William T. Cheshire, whereby the lessor leased to the lessee said tract of land. This lease is written on both sides of a single sheet of paper and both sides of the paper are signed by the lessors and the lessee. On the front side of the paper, after a formal statement, these provisions are set forth:

''In consideration for the said property, Big Eddy Beach, we the lessees do promise the leasor one-third (1/3) of all the profits from said beach; and we the lessees assume all liabilities and work connected with operation for consideration aforesaid.

''We the lessees also guarantee the said lessor

$200.00 (per year) as minimum profit to be derived from said transaction.

"This lease will extend for one year from this date, with an option for two years thereafter." The reverse side of said sheet of paper contains these stipulations:

"(1) Said lease extends from May 15, 1947 to September 15, 1947.

"(2) Lessee reserves right to use parking lot adjacent to beach and customary roadway to and from the beach.

"(3) Liability of lessee extends only from May 15, 1947, to September 15, 1947.

"(4) Lessee promises to give an accounting of all income and expenses on the 15th day of June, July and August and September and to pay lessors their one-third (1/3) interest on said days."

It will be noted from the above that on the front of the page it is provided that the lease will extend for one year from date with an option for two years thereafter, while on the back of the page it is expressly stipulated that said lease extends only from May 15, 1947, to September 15, 1947.

It was alleged in the petition that after the execution of the said written lease lessee took possession of the leased premises on or about May 15, 1947, and continued in possession until on or about September 15, 1947. It was also averred that on or before April 15, 1948, lessee notified lessors of his exercise of option under the terms of the lease to extend said lease for a period of two years. It was further stated in the petition that after May 15, 1948, and prior to June 3, 1948, lessors refused to permit lessee to enter upon or use the leased premises, and lessee prayed damages for loss of profits which he would have made from the operation of the beach. Appellees demurred to the petition which was not passed on at the time; answer was filed; appellant filed a general demurrer to the answer and, without waiving same, filed a reply, and thereupon the cause was submitted on demurrer to the petition and also upon demurrer to the answer of defendants. The court sustained the demurrer of appellees to the petition; ap-

pellant declined to plead further, and the court dismissed the petition.

The appellant contends there is no conflict between the provisions of the contract that provide that the lease extends from May 15, 1947, to September 15, 1947, and the provision which provides that the lease extends for one year from the date of the lease with an option for two years thereafter, while it is the contention of appellees that the provision on the back of the paper that the lease extends from May 15, 1947, to September 15, 1947, is conclusive and that the lease expired on the latter day.

A lease is ordinarily construed most strongly against lessor if there is an ambiguity in the terms of the lease. Otting v. Gradski, 294 Ky. 779, 172 S.W.2d 554, 148 A.L.R. 580; Raff v. Freiberg, 207 Ky. 246, 268 S.W. 1110. It is also a rule of construction in the interpretation of lease contracts that all apparently inconsistent clauses should be reconciled if possible. In the case of Black Star Coal Corporation v. Napier, 303 Ky. 778, 199 S.W.2d 449, 451, we said: "In construing contracts there are certain familiar rules which guide courts. The primary rule is to ascertain and give effect, if possible, to the mutual intention of the parties. 17 C.J.S., Contracts, sec. 295, p. 689. Words will be construed in the sense they are employed by the parties, and unless a contrary intention appears, they will be given their ordinary meaning, 17 C.J.S., Contracts, sec. 300 and sec. 301, pp. 717 and 718. If the contract contains inconsistent clauses, they should be reconciled if possible, but the clause contributing most essentially to the contract is entitled to the greater consideration; if they both cannot stand, the first will ordinarily prevail over the second."

We find no irreconcilable conflict between the terms of this lease. The operation of a swimming beach in this section of the country is necessarily seasonal, and that operation is confined to the warm portion of the year. It is reasonable that a person may desire to contract for the use of property for only that part of a year in which the compulsions of nature permit its use in his business, and, at the same time, assure to himself the right to obtain that property during the favorable season for a number of successive years.

The first provision of the contract, here involved, defines the term of lease as being for one year from the date of the contract, and grants the privilege of extending the term for two additional years.

The second provision fixes the period for the operation of the beach from May 15, 1947 to September 15, 1947. It is during this period that lessee is required to operate the beach and account for the profits earned during that period. This lease does not provide for the payment of a fixed sum as rental. The rental consists of a portion of the profits; not profits made from one day's operation, but profits earned as the result of an operation of the beach from May to September. By the force of another provision of the contract, lessee is relieved of responsibility in connection with the lease for the other months of the year, which provision further fortifies our opinion that the parties agreed that the beach operation would be only for a specified portion of each year the lease was in force, although the term of the lease was for a period of one year with an option to extend it for two additional years.

The fact that the compensation of the lessor is stated to be a part of the profits received by the lessee from the operation of a business on the premises does not prevent the transaction from being considered a lease. 32 Am. Jur., Landlord & Tenant, Section 9. Neither does the fact the business from which those profits are derived is performed during only a part of a year transform a lease for the term of a year into a lease for the seasonal business period alone.

Appellee also contends that lessee failed to exercise his option to extend the lease during its original term. This argument is based on the assumption that the original term expired on September 15, 1947. In view of our interpretation that the lease was for a term of one year from April 16, 1947, the allegation in the petition that on or before April 15, 1948, appellant notified appellee of his exercise of his option, is sufficient.

The judgment is, therefore, reversed and the case remanded for proceedings consistent with this opinion.