**Elias A. DUNBAR et al., Appellants,**

v.

**R. E. WILLIAMS COMPANY, Inc.,**
**a Kentucky Corporation,**
**Appellee.**

Court of Appeals of Kentucky.

June 22, 1962.

Robert T. Harrod, Marshall A. Dawson, Versailles, for appellants.

Charles Wylie, William E. Sloan, Lexington, for appellee.

MONTGOMERY, Judge.

In a declaratory judgment action, the lower court construed a lease in favor of the lessee, R. E. Williams Company, Incorporated. The lessors, Elias A. and Carolyn Dunbar, appeal.

Appellants contend that the lease began and ended on specific dates set forth in the lease. Appellee contended, successfully, that the term of ten years began upon the completion of the repairs, alterations, and improvements contemplated in the lease and ended ten years thereafter. The immediate question involved whether the lessee had lost or retained the right to extend the term of the lease for an additional period of years by giving notice of the exercise of the right or option so to do at least six months prior to the expiration of the original ten-year period.

By a lease dated September ——, 1950, appellants leased to appellee a two-story building at 127 North Main Street, Versailles. The stipulated repairs, alterations, and improvements to be made included installation of a concrete floor, two toilets, a new ceiling, two overhead gas-fired heaters, fluorescent lighting, two exhaust fans, plastering and painting of the walls, and repair and reconstruction of the building's front structure and glass.

The pertinent part of the lease follows:

"That Lessors hereby lease to Lessee and Lessee hereby rents from Lessors * * * for a period of ten (10) years from the 1st day of December, 1950, to and including the 30th day of November, 1960, for and upon the following considerations, terms, stipulations, conditions and agreements:

"1. That the beginning of said term is contingent upon the completion of certain repairs, alterations and improvements to be made by Lessors * * * and that due to priorities of material and delays in securing contractual commitments for the completion of said work, it is understood and agreed that if said work is not completed by the 1st day of December, 1950, then the rental due hereunder shall be abated until the date of completion of said work and said Lessee shall be obligated for the payment of rent only from the said date of completion of said work.

It is agreed that the repairs, etc., were completed on September 1, 1951. Appellee alleged that possession began on that date.

Appellants argue that the time of occupancy of the premises, the time of payment of rent, and the term of the lease may be different and not necessarily concurrent and that the use of the word "abated" indicates that the term had started on December 1, 1950, but the payment of rent had been suspended, pending the period of nonoccupancy. Appellee argues that it was intended by the parties that the lessee should enjoy a ten-year term to start on December 1, 1950, and end on November 30, 1960, provided that the term should not begin until the repairs, etc., were completed, which was on September 1, 1951, thus making the term end on August 31, 1961.

█ █ If the provisions of the lease are inconsistent and create an ambiguity, the rule is that the lease shall be construed more favorably to the lessee and more strongly against the lessor. Cheshire v. Wright, 314 Ky. 728, 237 S.W.2d 52; Otting v. Gradsky, 294 Ky. 779, 172 S.W.2d 554, 148 A.L.R. 580; Raff v. Freiberg, 207 Ky. 246, 268 S.W. 1110. When the intention of the parties can be reasonably ascertained from the language used in the lease as a whole, it is the duty of the court to effectuate such intention even though the purpose may have been inarticulately expressed. North Star Company v. Howard, Ky., 341 S.W.2d 251.

█ The lower court construed the lease to mean that the lessee was to enjoy a term of ten years and that the start of the term was subject to postponement until the completion of the contemplated renovation rendered the premises ready for occupancy, which did not occur until September 1, 1951, thus postponing the expiration of the lease until August 31, 1961. This gave effect to enumerated Paragraph 1 of the lease. The word "abated" would appear to have been unfortunately used but was construed by the lower court to mean that the payment of rent was to be postponed until the building was ready for occupancy. This would appear to be a reasonable construction, giving effect to all alleged inconsistent terms, since the lessee normally would not want to pay rent until the building was ready for occupancy and the lessor would want to be assured of having a tenant ready to occupy the building when renovated. See Cincinnati N. O. & T. P. R. Co. v. Depot Lunch Room, 190 Ky. 121, 226 S.W. 387; Underhill on Landlord and Tenant, Volume I, Chapter X, Section 240, pages 346–348. The lower court's construction of the lease is correct.

Judgment affirmed.